GRANT v AAA MICHIGAN/WISCONSIN, INC (ON REMAND)

Docket No. 249720. Submitted March 1, 2006, at Lansing. Decided August 24, 2006, at 9:05 a.m. Leave to appeal denied, 477 Mich ___.

Jeanine A. Grant brought an action in the Wayne Circuit Court against AAA Michigan/Wisconsin, Inc., seeking additional benefits for attendant care services her family provided to her after an automobile accident. The plaintiff claimed violations of the no-fault act, MCL 500.3101 *et seq.*; and the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et seq.*, the latter claim concerning alleged underpayments for the family caregivers. The court, Cynthia Diane Stephens, J., granted summary disposition for the defendant on the no-fault claim, concluding that the limitations period of MCL 500.3145(1) had expired. The court, however, denied the defendant summary disposition on the MCPA claim. The defendant sought leave to appeal the court's denial of summary disposition on the MCPA claim, but the Court of Appeals, FORT HOOD, P.J., and ZAHRA and MURRAY, JJ., denied leave to appeal in an unpublished order, entered May 16, 2003 (Docket No. 247748). In lieu of granting leave to appeal, the Supreme Court remanded the case to the Court of Appeals for consideration as on leave granted. 468 Mich 948 (2003). The plaintiff cross-appealed the grant of summary disposition on the no-fault claim, arguing that the no-fault period of limitations had been tolled. The Court of Appeals, GAGE, P.J., and METER and FORT HOOD, JJ., affirmed the grant of summary disposition to the defendant on the no-fault claim, concluding that no tolling of the limitations period had occurred. The Court of Appeals reversed with regard to the MCPA claim, however, concluding that it was simply a claim for no-fault benefits couched in terms of an MCPA claim and was thus also subject to the one-year limitations period. 266 Mich App 597 (2005). The plaintiff sought leave to appeal. In lieu of granting leave to appeal, the Supreme Court vacated the Court of Appeals judgment and remanded this case to the Court of Appeals for reconsideration in light of the holding in *Smith v Globe Life Ins Co*, 460 Mich 446 (1999), concerning private actions against insurers. The plaintiff subsequently died, and the Court of Appeals authorized Raymond F. Grant, personal representative of Jeanine Grant's estate, to substitute as the plaintiff.

*On remand, the Court of Appeals held:*

1. Because the Supreme Court's order did not implicate the Court of Appeals disposition of the plaintiff's no-fault claim, part V of the prior opinion in this case is readopted and the trial court's dismissal of the no-fault claim is affirmed.

2. Before its amendment by 2000 PA 432, MCL 445.904(2) permitted a private action against an insurer arising out of certain misconduct prohibited by the Insurance Code. It is unnecessary, however, to decide whether the amended statute, which prohibits such actions, applies to this case because the defendant conceded below that the amendment did not apply and cannot take a contrary position on appeal. Given the defendant's waiver of this issue, the plaintiff could proceed with an MCPA claim under *Smith*. Nevertheless, as decided in the prior opinion, despite the label given to the claim, the plaintiff seeks only no-fault benefits. The plaintiff incurred the alleged losses more than one year before filing the complaint and thus may not recover under MCL 500.3145(1).

Affirmed in part, reversed in part, and remanded for entry of judgment in the defendant's favor on the MCPA claim.

*Aho & Potti, LLP* (by *Dale P. Aho*), for the plaintiff.

*Gross, Nemeth & Silverman, P.L.C.* (by *James G. Gross*), and *Schoolmaster, Hom, Killeen, Siefer, Arene & Hoehn* (by *David R. Tuffley*) for the defendant.

ON REMAND

Before: METER, P.J., and WILDER and FORT HOOD, JJ.

METER, P.J. Defendant originally appealed as on leave granted[1] from the trial court's order denying in part its motion for summary disposition in this case involving the no-fault act, MCL 500.3101 *et seq.*, and the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et*

---

[1] This Court initially denied defendant's application for leave to appeal, after which the Supreme Court remanded the case to this Court for consideration as on leave granted. See *Grant v AAA Michigan/Wisconsin, Inc,* 468 Mich 948 (2003) (*Grant I*).

*seq.* Defendant contended that plaintiff's[2] claim brought under the MCPA was, in actuality, based on the no-fault act and was barred by the one-year limitations period found in that act. See MCL 500.3145(1). This Court agreed and therefore reversed the trial court's order concerning the MCPA claim. See *Grant v AAA Michigan/Wisconsin, Inc,* 266 Mich App 597, 599; 703 NW2d 196 (2005) (*Grant II*). On cross-appeal, plaintiff contended that the trial court erroneously dismissed another of her claims—a claim based explicitly on the no-fault act—for being untimely, even though the applicable limitations period had been tolled. We disagreed that the limitations period had been tolled and therefore affirmed the trial court's dismissal of the no-fault claim. *Id.*

After plaintiff filed an application for leave to appeal in the Supreme Court, that Court issued the following order:

> Pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we vacate the judgment of the Court of Appeals and remand this case to the Court of Appeals for reconsideration in light of our decision in *Smith v Globe Life Ins Co,* 460 Mich 446, 467 (1999), holding that MCL 445.904(1) and (2) permit private actions against an insurer pursuant to MCL 445.911, because, before its amendment by 2000 PA 432, MCL 445.904(2) provided an exception to the exemption of MCL 445.904(1)(a) permitting private actions pursuant to MCL 445.911 arising out of misconduct made unlawful by chapter 20 of the Insurance Code. [*Grant v AAA Michigan, Wisconsin, Inc,* 474 Mich 988 (2005) (*Grant III*).]

Because the Supreme Court's remand order in no way implicates this Court's prior disposition of the no-fault claim, we readopt part V of our opinion in

---

[2] For clarity, the term "plaintiff" in this opinion will refer to Jeanine A. Grant.

*Grant II* and affirm the trial court's dismissal of the no-fault claim. See *Grant II, supra* at 608-611. With regard to the MCPA claim, we again reverse the trial court's order denying summary disposition to defendant.

We set forth the pertinent facts in this case in *Grant II*:

> In March 1995, plaintiff sustained severe injuries in an automobile accident, leaving her a quadriplegic and dependent on others for basic activities such as eating and bathing. During the first month after plaintiff returned home from the hospital, personnel from an outside agency came to plaintiff's home to provide care for her. Thereafter, plaintiff's husband, Raymond Grant (Grant), and his daughters acted as plaintiff's primary caregivers.
>
> In March 1995, plaintiff filed an application for benefits with defendant, her no-fault insurance provider. Grant handled most of the communication with defendant's personnel on plaintiff's behalf. Walter Kay, defendant's claims representative, informed Grant that defendant would pay plaintiff's family members ten dollars an hour for attendant care services. Plaintiff and Grant were aware that defendant had previously compensated the outside agency at a higher rate and inquired about this discrepancy. Kay informed them that ten dollars an hour was the rate that defendant paid family members for attendant care services and that plaintiff's family was not entitled to a higher rate because the family was not an agency. Grant periodically inquired whether the family rate had increased, but he was always told that the rate remained ten dollars an hour. All of Grant's communications with Kay were by telephone, and Grant never requested an increase in compensation in writing. In November 1998, defendant approved an increase in the family rate to eleven dollars an hour, and defendant paid the increased rate until the fall of 1999, when the family incorporated and was paid the agency rate of twenty-two dollars an hour. Grant formed the corporation, R & R Home Care, in order to obtain health insurance

at a reasonable rate and for the purpose of providing attendant services to plaintiff.

At the time of plaintiff's and Grant's depositions, defendant was paying twenty-three dollars an hour to R & R Home Care. Plaintiff decided to file a lawsuit seeking back pay for attendant care services after reading an article about a woman who received a $5 million settlement from another insurance company who had paid the woman a lower rate for attendant care services because professional care workers were not involved. Plaintiff also decided to seek reimbursement from defendant for two vans that Grant purchased after the accident.

\* \* \*

In December 2001, plaintiff filed a complaint seeking back pay for attendant care services as well as reimbursement for the purchase price of the vans. Plaintiff set forth seven legal theories, including . . . [an alleged] violation of the MCPA. . . . With regard to the claim involving the MCPA, plaintiff argued, in part, that defendant's representations regarding the existence of a rate schedule that allowed compensation of only ten dollars an hour for family members were false and constituted an unfair and deceptive practice under the MCPA. Defendant argued, in part, that the claim ultimately sought benefits under the no-fault act and that the one-year limitations period found in MCL 500.3145(1) therefore barred the claim. Defendant contended that plaintiff's MCPA claim was simply a no-fault claim relabeled as an MCPA claim. The trial court ruled that plaintiff had met her burden of showing that defendant's conduct constituted a trade, practice, or custom that confused and misled plaintiff, and it thus denied defendant's motion with respect to the MCPA claim. The trial court specifically ruled that plaintiff's MCPA claim was not barred by a period of limitations. [*Grant II, supra* at 599-601.]

This Court held: "By way of her MCPA claim, plaintiff ultimately seeks additional no-fault benefits to which she believes she is entitled." *Id.* at 605. We

emphasized that plaintiff's requested relief for the MCPA claim "would be the no-fault benefits of which she was [allegedly] wrongfully deprived." *Id.* at 606. We concluded that "no relief is available to plaintiff because MCL 500.3145(1) bars recovery of [no-fault] benefits for any loss incurred more than one year before the filing of a plaintiff's complaint." *Id.*

As noted, the Supreme Court has directed us to reconsider our opinion in light of *Smith, supra* at 467, which held

> that MCL 445.904(1) and (2) permit private actions against an insurer pursuant to MCL 445.911, because, before its amendment by 2000 PA 432, MCL 445.904(2) provided an exception to the exemption of MCL 445.904(1)(a) permitting private actions pursuant to MCL 445.911 arising out of misconduct made unlawful by chapter 20 of the Insurance Code. [*Grant III, supra* at 988.]

MCL 445.904(1)(a) states that the MCPA does not apply to "[a] transaction or conduct specifically authorized[3] under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." Nevertheless, the earlier version of MCL 445.904 permitted a plaintiff to bring an MCPA lawsuit under MCL 445.911 for misconduct made unlawful by chapter 20 of the Insurance Code. See the prior version of MCL 445.904(2). The 2000 amendment, however, added the following language to MCL 445.904: "This act does not apply to or create a cause of action for an unfair, unconscionable, or deceptive method, act, or practice that is made unlawful by chapter 20 of the insurance code of 1956, 1956 PA 218, MCL 500.2001 to 500.2093." See MCL 445.904(3).

---

[3] In *Smith, supra* at 465, the Court stated that the "relevant inquiry" was "whether the general transaction is specifically authorized by law, regardless of whether the specific misconduct alleged is prohibited."

Presumably, the Supreme Court, by way of its remand order in *Grant III*, wants us to determine if a lawsuit under MCL 445.911 is appropriate in this case under *Smith* or whether the new version of MCL 445.904(3) (as amended by 2000 PA 432) bars such a lawsuit. This would, under normal circumstances, involve a two-part inquiry: whether the 2000 amendment applies to this case (in which the cause of action arose before the amendment, but the lawsuit was filed after the amendment) and whether this case involves conduct "made unlawful by chapter 20 of the insurance code of 1956" such that MCL 445.904 applies in general to plaintiff's MCPA claim. We conclude, however, that such an inquiry is unnecessary here, because defendant *conceded below* that the 2000 amendment did not apply to this case and essentially conceded that plaintiff was entitled to bring an MCPA claim. Indeed, defendant initially argued that the 2000 amendment provided a basis for granting summary disposition to it with regard to plaintiff's MCPA claim. However, at a March 14, 2003, hearing, defendant's attorney clearly and unequivocally conceded "that the amendment we relied on doesn't apply." The attorney went on to assume that plaintiff was entitled, in theory, to bring an MCPA claim, but he argued that, in actuality, there was "no factual basis" for the claim and that it should be dismissed.

In *People v Carter,* 462 Mich 206, 215; 612 NW2d 144 (2000), the Court stated that "[w]aiver has been defined as the intentional relinquishment or abandonment of a known right." (Citations and quotation marks omitted.) A party who expressly agrees with an issue in the trial court cannot then take a contrary position on appeal. See, generally, *id*; see also *Roberts v Mecosta Co Gen Hosp,* 466 Mich 57, 69; 642 NW2d 663 (2002), and *Marshall Lasser, PC v George,* 252 Mich App 104, 109;

651 NW2d 158 (2002). Applying the 2000 amendment in this case and barring plaintiff's MCPA claim would run contrary to these legal principles, because defendant would essentially gain an advantage from a disputed issue it waived in the trial court. Accordingly, we decline to apply the 2000 amendment and decline to bar plaintiff's MCPA claim. We emphasize that we are not ignoring the Supreme Court's remand order in *Grant III.* Indeed, the Supreme Court in *Grant III* asked us to reconsider our *Grant II* opinion in light of *Smith,* and we have done so. We conclude that plaintiff *could* proceed with an MCPA claim under *Smith,* given defendant's waiver in the trial court.

Nevertheless, even though plaintiff was permitted to raise an MCPA claim under *Smith,* we continue to adhere to our original opinion in *Grant II, supra* at 605, that, "[b]y way of her MCPA claim, plaintiff ultimately seeks additional no-fault benefits to which she believes she is entitled." As we stated in *Grant II, supra* at 606, under the clear terms of plaintiff's complaint, "plaintiff's relief would be the no-fault benefits of which she was [allegedly] wrongfully deprived." All of plaintiff's losses were incurred more than one year before the filing of the complaint, and, therefore, no relief is available to plaintiff in light of MCL 500.3145(1), which clearly and unambiguously states that a claimant may not recover no-fault benefits "for any portion of the loss incurred more than 1 year before the date on which the action was commenced." Defendant was entitled to summary disposition, "despite plaintiff's labeling count VI as an MCPA claim." *Grant II, supra* at 607. The trial court erred in denying defendant's motion for summary disposition with respect to plaintiff's MCPA claim.

We affirm with respect to the cross-appeal and reverse with respect to the primary appeal. This case is

remanded for entry of judgment in favor of defendant with respect to the MCPA claim. We do not retain jurisdiction.