# STATE OF MICHIGAN

# COURT OF APPEALS

LARRY J. HACKER and NANCY A. HACKER,

Plaintiffs-Appellants,

v

FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN,

Defendant-Appellee.

UNPUBLISHED
September 29, 2015

No. 322059
Berrien Circuit Court
LC No. 12-005986-GC

Before: BOONSTRA, P.J., and MURPHY and MARKEY, JJ.

PER CURIAM.

In this insurance dispute, plaintiffs appeal as of right the trial court's judgment of no cause of action that was entered on the basis of a jury's verdict following a two-day trial. As reflected in a special-verdict form, the jury determined that plaintiffs were not entitled to recovery on their claim because they failed to substantially comply with a policy condition requiring a sworn statement in proof of amount of loss. We affirm.

Plaintiffs own several parcels of farm property in Berrien County, including the Redbud Trail farm in Berrien Springs. Among other uses of their land, plaintiffs harvested grapes on their properties. As part of that operation, plaintiffs used "grape posts." However, between November 2009 and "early March 2010," plaintiffs removed a total of approximately 160 acres worth of grape vines from their various parcels, including the Redbud farm. As a result, plaintiffs had an abundance of unused grape posts, which they kept in piles on the Redbud farm. Over the course of several months in 2010, plaintiffs sold many of these grape posts. By their estimate, however, at least 5,684 posts still remained on the Redbud farm as of December 2010.

Plaintiffs did not enter the Redbud farm between December 2010 and March 2011. When they accessed the farm on March 3, 2011, they observed that a large portion of their grape posts were missing. Plaintiffs notified the police and defendant, who hired an independent claims adjuster to handle the claim. The parties met on the Redbud farm on March 8, 2011. At that time, plaintiffs were able to provide the adjuster with rough estimates of how many posts were originally on the property and how many had been sold, but could not give exact figures. Further, they could not give an exact figure with respect to how many posts were still at the Redbud farm. According to plaintiffs, defendant's adjuster told them at that time to come up with a figure as soon as practically possible. Over the course of the next several weeks, plaintiffs

-1-

apparently had ongoing discussions with the adjuster to provide an "update" as to how many posts remained, but there is no dispute that a final count was not provided at that time.

On April 5, 2011, defendant sent plaintiffs a letter informing them that, pursuant to the terms of their policy, they were required to submit a sworn statement in proof of amount of loss within 30 days of the letter, i.e., May 5, 2011. A blank proof of loss form, as well as instructions on how to fill out the form, were provided. The letter specifically indicated that any supporting documentation must also be submitted. Plaintiffs subsequently submitted their first proof of loss on April 20, 2011, but while the form was notarized, it was completely blank and had the word "sample" written across it. No supporting documentation, such as receipts from the various sales of posts made before the alleged theft, was provided. According to plaintiffs, the form was blank because they had questions in regard to filling it out and defendant failed to provide any help despite various requests.

Meanwhile, an investigation of plaintiffs' claim was conducted. It was eventually completed on May 4, 2011. Subsequently, on May 5, 2011, the deadline for filing the proof of loss, defendant sent plaintiffs another letter informing them that their incomplete proof of loss had been rejected and that their claim was being denied because the investigation revealed that the loss was only discovered upon taking inventory (an apparent policy exclusion).

Unbeknownst to defendant, before the May 5, 2011 denial letter was sent, plaintiffs had sent a second proof of loss. It was received on May 9, 2011, and the parties agree that it was timely. The second proof of loss, while more complete, still contained several incomplete portions and also contained only a "guestimate" of the amount of loss being claimed. According to plaintiffs, the second form was filled out to the best of their abilities, using the information they had at the time, after defendant continued being unreceptive to requests for assistance. Defendant did not respond to this second proof of loss.

Plaintiffs subsequently filed the instant lawsuit. Eventually, defendant moved for summary disposition on the basis that plaintiffs had failed to comply with the proof of loss requirement. The trial court denied the motion after finding that there were genuine issues of material fact as to whether plaintiffs had substantially complied with the proof of loss requirement in light of the information contained in the second proof of loss and the documents previously provided to defendant on March 8, 2011.

The case then proceeded to trial. Plaintiffs contended that they did everything they were supposed to do and filled out the proof of loss forms to the best of their abilities, but were hampered in their efforts by defendant's lack of assistance. Plaintiffs conceded that they did not ascertain a final count of missing posts until July 2011, several months after the claim was denied, and did not provide this information or any supporting documentation until August 2012, despite being asked for such documentation as early as April 2011. Plaintiffs claimed that it took so long to ascertain the final count of missing posts because the posts had to be moved to another location to be consolidated, because additional sales had to be completed, and because there was other important farm work to be done.

The issue of substantial compliance—along with three other defenses—were submitted to the jury. The jury determined that plaintiffs failed to substantially comply with the proof of loss

requirement, which was the first question on the special-verdict form. As such, the jury did not need to reach, consider, and make a decision on any other defense or issue set forth in subsequent questions on the special-verdict form. On the basis of the jury's verdict, the trial court entered a judgment of no cause of action in favor of defendant.

Plaintiffs now appeal the trial court's judgment and argue, for the first time, that defendant either waived, or should have been estopped from raising, the defense of non-compliance with the proof of loss requirement through its conduct and that the issue, therefore, should have never been submitted to the jury. We conclude that plaintiffs have waived appellate review of this argument because they acquiesced to litigating the issue of substantial compliance before the jury, without ever attempting to litigate whether defendant waived or was estopped from arguing lack of compliance as a defense.

It is well established that "[a] party who waives a right is precluded from seeking appellate review based on a denial of that right because waiver eliminates any error." *Cadle Co v City of Kentwood*, 285 Mich App 240, 255; 776 NW2d 145 (2009) (citation omitted). "[A] waiver is a voluntary and intentional abandonment of a known right." *Quality Prod & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 374; 666 NW2d 251 (2003) (citation omitted). "The usual manner of waiving a right is by acts which indicate an intention to relinquish it, or by so neglecting and failing to act as to induce belief that it was the intention and purpose to waive." *Cadle Co*, 285 Mich App at 254-255 (quotation marks and citation omitted). "A party who expressly agrees with an issue in the trial court cannot then take a contrary position on appeal." *Grant v AAA Mich/Wis, Inc (On Remand)*, 272 Mich App 142, 148-149; 724 NW2d 498 (2006). "A party is not allowed to assign as error on appeal something which his or her own counsel deemed proper at trial since to do so would permit the party to harbor error as an appellate parachute." *Marshall Lasser, PC v George*, 252 Mich App 104, 109; 651 NW2d 158 (2002) (quotation marks and citation omitted).

The issue of noncompliance with the proof of loss requirement was raised as a defense in defendant's answer and affirmative defenses, and thus, it cannot be disputed that plaintiffs were aware of defendant's intent to raise that defense from the outset of these proceedings. Yet, plaintiffs took no action in the trial court to preclude defendant from raising this defense, such as by moving the trial court for summary disposition on that defense. See MCR 2.116(B)(1). Likewise, when defendant filed its motion for summary disposition, based solely on the issue of noncompliance with the proof of loss requirement, plaintiffs, while responding to the motion, did not expressly argue that defendant had waived its right to assert the defense or that it should be estopped from doing so. Finally, even after the trial court ruled that there were material questions of fact regarding plaintiffs' compliance with the proof of loss requirement, such that the issue must be submitted to a jury, plaintiffs still made no effort to preclude defendant from raising this defense at trial. To the contrary, they agreed to litigate the issue. At trial, plaintiffs made no objection to any evidence bearing on this defense. Moreover, they affirmatively acquiesced to the verdict form which requested the jury to consider the defense. They did not object to the jury instructions or request any instructions on the issue of waiver/estoppel.

From the above facts, it is abundantly clear that plaintiffs affirmatively agreed to litigate the issue of substantial compliance with the proof of loss requirement, absent any consideration by the jury of waiver or estoppel. At the very least, plaintiffs' failure to undertake any measures

whatsoever to preclude the issue from being submitted to the jury induced belief that it was the intention and purpose to try the issue. *Cadle Co*, 285 Mich App at 255. As such, plaintiffs have waived any argument regarding defendant's ability to raise the non-compliance defense and will not now be heard to complain that the issue should have never been submitted to the jury. *Grant*, 272 Mich App at 148-149; *Marshall Lasser, PC*, 252 Mich App at 109. Plaintiffs have likewise waived any claim that the jury should have addressed or been instructed on issues pertaining to waiver or estoppel as a threshold matter before potentially tackling the issue of substantial compliance. And any suggestion by plaintiffs that they were entitled to summary disposition on the issue of compliance in light of waiver or estoppel principles is also rejected, as those issues were never raised by plaintiffs.

Plaintiffs raise additional issues in their statement of questions presented regarding the adequacy of defendant's investigation, the trial court's decisions denying admission of various pieces of evidence, and the trial court's apparent failure to provide the jury with a copy of plaintiff Larry Hacker's full deposition. We conclude that these issues are abandoned because there was no accompanying argument. See *FMB-First Mich Bank v Bailey*, 232 Mich App 711, 717; 591 NW2d 676 (1998). "It is axiomatic that where a party fails to brief the merits of an allegation of error, the issue is deemed abandoned by the Court." *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999) (citations omitted). In any event, none of these issues have any merit. Finally, plaintiffs also raise three additional arguments in the argument section of their brief regarding the propriety of additional defenses raised by defendant at trial and whether plaintiffs are entitled to sanctions, penalty interest, court costs, and attorneys fees because defendant was "grossly negligent" in denying their claim and because defendant raised frivolous defenses. First, we conclude that these arguments are abandoned because they were not included in plaintiffs' statement of the questions presented. MCR 7.212(C)(5). Moreover, under the circumstances and given the nature of the jury's verdict, these arguments are moot and irrelevant, and they lack merit in any event.

Affirmed. Having fully prevailed on appeal, defendant is awarded taxable costs pursuant to MCR 7.219.

/s/ Mark T. Boonstra
/s/ William B. Murphy
/s/ Jane E. Markey