# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ATTORNEY FEES OF JOHN W. UJLAKY

---

PEOPLE OF MICHIGAN,

　　　　　Plaintiff-Appellee,

and

20TH CIRCUIT COURT,

　　　　　Intervenor-Appellee,

v

JODI LYNN DOEZEMA, also known as JODI
LYNN KOTRCH,

　　　　　Defendant,

and

JOHN W. UJLAKY

　　　　　Appellant.

UNPUBLISHED
August 22, 2017

No.　332914
Ottawa Circuit Court
LC No.　15-039118-FH

---

Before:　BOONSTRA, P.J., and RONAYNE KRAUSE and SWARTZLE, JJ.

PER CURIAM.

　　　　Appellant appeals as of right the trial court's order denying his request for extraordinary fees. We affirm.

　　　　The trial court appointed appellant as counsel for defendant's appeal of her no-contest pleas to embezzlement of $100,000, or more, MCL 750.147(7), and uttering and publishing, MCL 750.249. Defendant was sentenced to 72 to 240 months' imprisonment for embezzlement and 72 to 168 months' imprisonment for uttering and publishing, and ordered her to pay $495,278.19, in restitution. Appellant was appointed as defendant's appellate counsel on

-1-

November 16, 2015, and filed a delayed application for leave to appeal, which this Court denied.[1]

Appellant then submitted a Michigan Appellate Assigned Counsel System (MAACS) Statement of Service and Order for Payment of Court Appointed Counsel to the Ottawa Circuit Court. The Ottawa County maximum for appeals involving plea agreements is $500. Appellant requested a total of $1,438.70, in fees, $129.20, of which were for expenses and the remaining $1,309.50, were for attorney fees (29.1 hours x $45 per hour, the hourly rate set by Ottawa County).

Along with appellant's MAACS form, he submitted a motion for payment. In the motion, appellant argued that he was entitled to $1,309.50, because he had actually spent 29.1 hours on this case. Appellant contended that "good cause" for this additional payment was established by an accompanying itemization that appellant included with his request for payment. The attached itemized billing statement listed the 29.1 hours that appellant spent on the case, which included 5.3 hours to review the file, 4.1 hours to perform legal research on the issues, and 11.5 hours to draft, proofread, amend, and revise the application for leave to appeal.

In a written opinion and order, the trial court awarded appellant $129.20, in expenses and the standard maximum of $500, in fees, and denied appellant's request for extraordinary fees. The trial court reasoned that the standard rate that appellant agreed to when he accepted the appeal was $45 per hour and that the case should have reasonably taken appellant 11.11 hours, which resulted in an award of $500. The trial court found that any time in excess of 11.11 hours was excessive, redundant, and otherwise unnecessary. The trial court then addressed factors from MRPC 1.5(a) to determine whether this award was subject to an upward or downward departure. The trial court noted that appellant was an experienced appellant attorney and that the file was relatively modest, consisting of a 15-page sentencing hearing transcript and a seven-page plea hearing transcript. The trial court stated that it had read the 16-page, one-issue brief that appellant submitted on appeal, and found that the issue was common and obvious and should not have taken an experienced appellate attorney very much time to address. The trial court concluded that appellant's payment of $500 was not subject to departure.

Appellant's sole argument on appeal is that the trial court erred by refusing to award him the extraordinary fees that he requested. We disagree. "A trial court's determination regarding the reasonableness of compensation for services and expenses of court-appointed attorneys is reviewed for an abuse of discretion." *In re Foster Attorney Fees*, 317 Mich App 372, 375; ___ NW2d ___ (2016). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Ronnisch Constr Group, Inc v Lofts on the Nine, LLC*, 499 Mich 544, 552; 886 NW2d 113 (2016).

"In Michigan, assigned counsel have a statutory right to compensation for providing criminal defense services to the indigent." *Recorder's Court Bar Ass'n v Wayne Circuit Court,*

---

[1] *People v Doezema,* unpublished order of the Court of Appeals, issued March 29, 2016 (Docket No. 331623).

443 Mich 110, 122; 503 NW2d 885 (1993).[2] "The party requesting an award of attorney fees bears the burden of proving the reasonableness of the fees requested." *Adair v Michigan (On Fourth Remand)*, 301 Mich App 547, 552; 836 NW2d 742 (2013). In *Smith v Khouri*, 481 Mich 519, 529; 751 NW2d 472 (2008), our Supreme Court explained that the reasonableness of attorney fees depends on "the totality of special circumstances applicable to the case at hand." The *Smith* Court directed trial courts to consider the factors laid out in *Wood v Detroit Auto Inter-Ins Exch*, 413 Mich 573, 588; 321 NW2d 653 (1982), mod by *Smith*, 481 Mich at 530-531, and Michigan Rules of Professional Conduct (MRPC) 1.5(a) when determining the reasonableness of requested fees. *Smith*, 481 Mich at 529-530. The factors a court is to consider in determining the reasonableness of attorney's fees as set out in MRPC 1.5(a) are as follows:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

The *Smith* Court directed that, before considering the factors from *Woods* and MRPC 1.5(a), courts should determine the rate customarily charged for comparable services and multiply that rate by the reasonable number of hours expended on the case. *Smith*, 481 Mich at 530-531. The resulting number serves "as the starting point for calculating a reasonable attorney fee" and the remaining factors can then be used to "determine whether an up or down adjustment is appropriate." *Id*. at 531.

---

[2] Although "MCL 775.16 was recently amended and no longer explicitly provides that an attorney appointed to represent an indigent appellant is entitled to reasonable compensation," the Michigan Supreme Court recently "referred to the reasonable compensation requirement . . . which indicates that the requirement still exists." *In re Foster Attorney Fees*, 317 Mich App at 376 n 1.

Here, the trial court properly applied the factors from *Smith*. The trial court first noted that the rate customarily charged for similar services in the area was $45 per hour,[3] and that the reasonable numbers of hours that should have been expended on this case was 11.11 hours. This resulted in a starting point of $500. The trial court then applied the factors from MRPC 1.5(a) to determine whether this amount was subject to a departure and considered the time and labor that this case reasonably required, given that it consisted of a modest file containing only 22 transcript pages. The trial court also considered the novelty and difficulty of the issues involved and noted that this case involved a relatively common sentencing issue with which an experienced appellate attorney such as appellant would have been quite familiar. The trial court also considered the requisite skill necessary for this appeal and determined that this appeal was in the purview of a new attorney. Considering the totality of the circumstances, the trial court noted that appellant was aware of the county maximum when he accepted the appeal and, given his experience and efficiencies gained through that experience, could have completed the case within the time parameters to which he agreed. Accordingly, the trial court did not abuse its discretion by articulating on the record its reasons for denying appellant's request for extraordinary fees.

Affirmed.

/s/ Mark T. Boonstra
/s/ Amy Ronayne Krause
/s/ Brock A. Swartzle

---

[3] To the extent that appellant contends on appeal that the $45 hourly rate was not reasonable, appellant waived this issue by agreeing to the rate when he accepted the case. See *Grant v AAA Michigan/Wisconsin, Inc (On Remand)*, 272 Mich App 142, 148; 724 NW2d 498 (2006).