*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HALEY WEAVER,

        Plaintiff-Appellant,

v

FLINT LODGING, INC.,

        Defendant-Appellee.

UNPUBLISHED
February 8, 2024

No. 363294
Genesee Circuit Court
LC No. 2021-115883-NO

Before: BOONSTRA, P.J., and BORRELLO and FEENEY, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting defendant's motion for summary disposition. We reverse the trial court's order with respect to plaintiff's premises liability count and remand for further proceedings. In all other respects, we affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff was a long-term guest at defendant's hotel in Flint, Michigan. On January 26, 2021, she slipped and fell on a patch of ice on a sidewalk located on the grounds of the hotel. Plaintiff testified at her deposition that it had snowed the day before she fell, but that the weather on the day of her fall was warm enough to allow the accumulated snow to have begun melting. Plaintiff testified that the sidewalk concrete appeared to be merely wet, and she assumed that was the case because she saw salt residue on the ground. After she fell, she could feel ice. Plaintiff believed that the ice had formed on the sidewalk because the overhead gutter was broken, allowing the melting snow to fall onto the sidewalk and refreeze.

Plaintiff filed suit, asserting claims of negligence, premises liability, and breach of the requirements of MCL 554.139. Defendant moved for summary disposition under MCR 2.116(C)(10), arguing that plaintiff's negligence claim sounded in premises liability because her injuries arose from an allegedly dangerous condition of the property, and that her premises liability claims were barred because the hazard was open and obvious. Defendant further argued that plaintiff's statutory claim lacked merit because there was no evidence that defendant had failed to keep its property in reasonable repair or that it had actual or constructive notice of a broken gutter or ice accumulation. Defendant also argued that MCL 554.139 was in any event applicable

only to landlords and did not apply because defendant's relationship with plaintiff was that of a hotel and guest. The trial court granted defendant's motion in its entirety. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's grant of summary disposition, as well as issues of statutory interpretation or the interpretation of common-law doctrines. *Mecosta Co Med Ctr v Metro Group Prop & Cas Ins Co*, 509 Mich 276, 282; 983 NW2d 401 (2022); *Hilgendorf v St John Hosp & Med Ctr Corp*, 245 Mich App 670, 695; 630 NW2d 356 (2001). Summary disposition may be granted under MCR 2.116(C)(10) when the moving party is entitled to judgment as a matter of law because there is no genuine issue of material fact. *Citizens for Higgins Lake Legal Levels v Roscommon Co Bd of Comm'rs*, 341 Mich App 161, 177; 988 NW2d 841 (2022). "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id.* (quotation marks and citation omitted).

## III. PREMISES LIABILITY

Plaintiff argues that the open and obvious danger doctrine should be abolished, and that the trial court in any event erred by holding that it barred her premises liability claim. In light of recent caselaw, we agree that the trial court's decision on this issue must be reversed and the case remanded for further proceedings. In 2023, the Michigan Supreme Court revisited the open and obvious danger doctrine as it has been understood for over two decades, and it overruled the framework announced in *Lugo v Ameritech Corp, Inc*, 464 Mich 512; 629 NW2d 384 (2001), overruled by *Kandil-Elsayed v F & E Oil, Inc*, ___ Mich ___ (2023) (Docket Nos. 162907 and 163430), which had required that the doctrine be considered in the context of a landowner's duty of care. *Kandil-Elsayed v F & E Oil, Inc*, ___ Mich ___; ___ NW2d ___ (2023) (Docket Nos. 162907 and 163430). After discussing several of the same arguments advanced by plaintiff in this appeal, the Court held that *Lugo* was wrongly decided, "generated a host of practical-workability problems," and that reliance interests were not strong enough to uphold the *Lugo* framework. *Id.* at ___; slip op at 39.

That said, *Kandil-Elsayed* did not "abolish" the doctrine. Instead, it declared that the open and obvious nature of a condition is relevant to the element of breach and, assuming that an otherwise actionable premises liability claim has been established, whether the plaintiff's damages should be reduced on the basis of comparative fault. *Id.* at ___: slip op at 43-44. At the end of its analysis, the Supreme Court provided the following explanation of the now-controlling framework:

> To summarize, a land possessor owes a "duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land." If the plaintiff establishes that the land possessor owed plaintiff a duty, the next step in the inquiry is whether there was a breach of that duty. Our decision does not alter the standard of reasonable care owed to an invitee, meaning that it's not necessary for land possessors to heed the advice in Justice VIVIANO's

dissent to "immediately . . . rectif[y]" hazards on their property to avoid liability. Rather, as has always been true, a land possessor need only exercise reasonable care under the circumstances. As part of the breach inquiry, the fact-finder may consider, among other things, whether the condition was open and obvious and whether, despite its open and obvious nature, the land possessor should have anticipated harm to the invitee. If breach is shown, as well as causation and harm, then the jury should consider the plaintiff's comparative fault and reduce the plaintiff's damages accordingly. A determination of the plaintiff's comparative fault may also require consideration of the open and obvious nature of the hazard and the plaintiff's choice to confront it. [*Id*. at ___; slip op at 43-44 (alteration in original).]

Recently, in *Gabrielson v The Woods Condominium Assoc'n, Inc*, ___ Mich App ___,___,; ___ NW 2d ___ (2023) (Docket Nos. 364809, 364813), slip op at 2, 8, this Court held that "the rule of law announced in *Kandil-Elsayed* should operate retroactively and applies to all cases currently pending on direct appeal." Accordingly, we reverse the trial court's grant of summary disposition with respect to plaintiff's premises liability claim. Because of the significant change in the law that occurred after the trial court's ruling, we need not otherwise address plaintiff's arguments that the trial court erred in applying *Lugo* and its progeny to plaintiff's claim.

IV. NEGLIGENCE

Plaintiff also argues that the trial court erred by granting defendant's motion for summary disposition on her negligence claim. We disagree.

"Courts are not bound by the labels that parties attach to their claims," and, instead, determine the nature of a claim by reading the complaint as a whole. *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 691-692; 822 NW2d 254 (2012). "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Id*. at 692. Conversely, if the plaintiff is injured by the "overt acts of a premises owner on his or her premises," an action for ordinary negligence exists. *Kachudas v Invaders Self Auto Wash, Inc*, 486 Mich 913, 914 (2010). To allege a viable ordinary negligence claim, the plaintiff must allege negligent conduct distinct from the condition of the land. See *Laier v Kitchen*, 266 Mich App 482, 493-494; 702 NW2d 199 (2005) (discussing ordinary negligence claim arising from allegations that the defendant negligently operated farm equipment). An ordinary negligence claim cannot be maintained when the "allegations relate to the creation of a dangerous condition on the premises caused by defendants' failure to act . . . ." *Nathan v David Leader Mgt, Inc*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357420); slip op at 2.

Plaintiff argues that she has a valid claim of ordinary negligence because defendant failed to repair a broken gutter. We disagree. Plaintiff sued defendant to recover for injuries she sustained after slipping on ice that had formed on the sidewalk below a broken gutter. In other words, her claim arises from a condition of the land and therefore sounds in premises liability rather than ordinary negligence. *Buhalis*, 296 Mich App at 692. The "conduct" plaintiff cites, i.e., failure to repair the gutter, is nothing more than an allegation that defendant breached the duty of

care it owed as the owner of the premises. See *id*. ("In [premises liability] case[s], liability arises solely from the defendant's duty as owner, possessor, or occupier of land."). It does not support a separate claim for ordinary negligence. Indeed, this Court has consistently rejected ordinary negligence claims premised on a defendant's failure to alleviate slippery conditions arising from winter weather, because such claims sound exclusively in premises liability. See, e.g., *Nathan*, ___ Mich App at ___; slip op at 2 (failure to apply salting agent or clear snow drifts); *Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc*, 336 Mich App 616, 625; 971 NW2d 716 (2021) (black ice on sidewalk); *Buhalis*, 296 Mich App at 690, 692 (fall on patio that had not been salted by the defendant's employee). The trial court did not err by granting summary disposition to defendant on plaintiff's negligence claim.

## VI. VIOLATION OF MCL 554.139

Lastly, plaintiff argues that the trial court erred by granting defendant's motion with respect to her claim for breach of MCL 554.139. We decline to address this issue. "A party who expressly agrees with an issue in the trial court cannot then take a contrary position on appeal." *Grant v AAA Mich/Wisconsin, Inc (On Remand)*, 272 Mich App 142, 148; 724 NW2d 498 (2006). This is so because "intentional relinquishment or abandonment of a known right" constitutes a waiver. *Id*. (quotation marks and citation omitted). Plaintiff's attorney conceded before the trial court that the guest registration card signed by plaintiff demonstrated that the legal relationship between plaintiff and defendant did not support the application of MCL 554.139(1). By agreeing that her statutory claim could not be maintained, plaintiff has waived appellate review of this claim of error. *Id*.

Affirmed in part, reversed in part, and remanded for further proceedings. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Stephen L. Borrello
/s/ Kathleen A. Feeney

-4-