*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHANNON S. CORNETTE and HOPE R.
CORNETTE,

        Plaintiffs-Appellants,

v

JAMES BOYLAN and ERICA BOYLAN,

        Defendants-Appellees.

UNPUBLISHED
October 24, 2025
1:35 PM

No. 372128
Monroe Circuit Court
LC No. 2024-147325-CH

Before: REDFORD, P.J., and CAMERON and PATEL, JJ.

PER CURIAM.

In this action to quiet title, plaintiffs appeal by right the trial court's order denying their motion for an injunction, dismissing their trespass claims, and granting the parties authority to maintain the public right of way, subject to the restrictions of the Monroe County Road Commission (MCRC) and Frenchtown Township. We affirm.

## I. BACKGROUND

This action involves a dispute over a public right of way that abuts neighboring properties in Frenchtown Township, Michigan. Both properties border Washington Boulevard, which curves near the boundary line between the parties' properties. Washington Boulevard is a statutorily dedicated public roadway. It is located in the platted subdivision of Lincoln Village, which includes the following dedication: "[T]he streets as shown on said plat are hereby dedicated to the use of the public." Plaintiffs concede that the MCRC has jurisdiction over Washington Boulevard and the right of way. But the parties dispute who has the right to use and maintain the public right of way along the curvature of Washington Boulevard. Plaintiffs contend that they have the sole right to use and maintain the right of way area from their rear property line to the edge of Washington Boulevard, subject to the MCRC's restrictions.

The Lincoln Village subdivision plat includes 18 lots. Defendants own lot 18, which abuts Washington Boulevard to the north. Plaintiffs' property is located at 1896 N. Monroe Street, which is not part of the Lincoln Village subdivision plat. Plaintiffs' property abuts Washington

-1-

Boulevard on two sides—the south side of plaintiffs' property abuts Washington Boulevard to the north and the rear of their property abuts it to the west.

Plaintiffs commenced this action to quiet title asserting that defendants violated various state statutes and local ordinances and trespassed on plaintiffs' easement in the right of way area that abuts the rear of their property by parking on it, trimming trees, leaving garbage on it, and installing landscaping. Plaintiffs requested an award of treble damages and sought to enjoin defendants from further trespass. Defendants denied the allegations and moved to dismiss plaintiffs' claims. Defendants argued that plaintiffs had no legal claim to the property at issue because the MCRC had jurisdiction of the public right of way. Plaintiffs maintained there were genuine issues of material fact as to who had the right to use and maintain the right of way. In supplemental briefing, defendants requested that they be granted access to maintain the right of way "area that is encompassed in the rectangular area in the front of their property from the centerline of [Washington Boulevard] to the full width, length and depth of their property . . . ."

After several hearings, the trial court denied plaintiff's request for an injunction and concluded that there were no genuine issues of material fact regarding any of plaintiffs' trespass claims.[1] The trial court dismissed plaintiffs' trespass claims and denied defendants' request for unrestricted access to maintain the entire right of way, but held

> that the parties shall have authority to perform work incidental to the maintenance of the road right-of-way in the following manner, unless objected to by either the Monroe County Road Commission or Frenchtown Charter Township,: [sic] (1) Defendants may trim tree branches overhanging the road right-of-way north of a line drawn from the point where the western edge of Defendant's [sic] driveway contacts Washington Boulevard to the current placement of the [s]outhernmost landscaping rock, (2) Plaintiffs may trim any tree branches overhanging the road right-of-way to the south of this line, (3) Defendants may mow and cut the grass in the road right-of-way north of a line drawn perpendicular, running east and west, from the metal fence post or white pole located at the southernmost point of the first full section of the metal fence, south of the wooden gate/fence, and then running to the edge of Washington Boulevard . . . and (4) Plaintiffs may mow and cut the grass in the road right-of-way to the south of this line.

Plaintiffs now appeal.

## II. STANDARDS OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Summary disposition under MCR 2.116(C)(10) is warranted when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). When reviewing a motion for summary

---

[1] The trial court analyzed defendants' motion to dismiss the complaint as a motion for summary disposition, under MCR 2.116(C)(10). The basis of defendants' motion is not at issue on appeal.

disposition under MCR 2.116(C)(10), a court must consider the evidence submitted by the parties in the light most favorable to the nonmoving party. *El-Khalil*, 504 Mich at 160. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (cleaned up). A court "is not permitted to assess credibility, or to determine facts" in analyzing whether a genuine issue of material fact exists. *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994). "Instead, the court's task is to review the record evidence, and all reasonable inferences therefrom, and decide whether a genuine issue of any material fact exists to warrant a trial." *Id*.

We review a trial court's decision whether to grant an injunction for an abuse of discretion. *Vincent Johnson v Mich Minority Purchasing Council*, 341 Mich App 1, 8; 988 NW2d 800 (2022). A trial court abuses its discretion when it makes an error of law, or its decision falls outside the range of reasonable and principled outcomes. *Powers v Brown*, 328 Mich App 617, 620; 939 NW2d 733 (2019).

"Although equity cases are themselves reviewed de novo, as are the applicability and interpretation of equitable doctrines, the propriety of the actual relief granted by the trial court is strictly discretionary and depends on the facts of the particular case." *Davis v Secretary of State*, 346 Mich App 445, 459; 12 NW3d 653 (2023).

Resolution of this matter requires interpretation of the relevant statutory provisions. We review de novo questions of statutory interpretation. *Milne v Robinson*, 513 Mich 1, 7; 6 NW3d 40 (2024).

## III. ANALYSIS

Plaintiffs contend that genuine issues of material fact exist regarding who has the right to use and maintain the disputed portion of the public right of way and the relief to which plaintiffs are entitled. We disagree.

## A. TRESPASS

Plaintiffs claim that the trial court erroneously found that the parties' properties were equally adjacent to the disputed right of way area, and this finding was the basis for the trial court's rulings on the parties' motions. We find no merit in this argument. The record does not reflect that the trial court made this finding or that equal adjacency to the right of way was the basis for its dismissal of plaintiffs' trespass claims or its denial of plaintiffs' motion for an injunction.

In a trespass action, the plaintiff must show "an unauthorized direct or immediate intrusion of a physical, tangible object onto land over which the plaintiff has a right of exclusive possession." *Wolfenbarger v Wright*, 336 Mich App 1, 15; 969 NW2d 518 (2021) (cleaned up). Washington Boulevard was dedicated to public use in 1952.[2] "A 'dedication' of land is an appropriation of

---

[2] At the time that the dedication was made, the relevant platting statutory provision stated, "The plat so made and recorded in compliance with the provisions of this act shall be deemed a sufficient

land to some public use, accepted for such use by or in behalf of the public." *2000 Baum Family Trust v Babel*, 488 Mich 136, 144; 793 NW2d 633 (2010) (cleaned up). The essence of a dedication is that the covered land will be for the use of the public at large." *Id*. The covered land is referred to as a road right of way. Plaintiffs concede that the disputed property is within road right of way and the MCRC has jurisdiction of the right of way. See MCL 224.18(1); MCL 224.19b(1).

In their trial court pleadings, plaintiffs claimed an easement in the right of way between their property line and Washington Boulevard and contended that defendants trespassed on their easement. "An easement is the right to use the land of another for a specified purpose." *Heydon v MediaOne of Southeast Mich, Inc*, 275 Mich App 267, 270; 739 NW2d 373 (2007) (cleaned up). "An easement may be created by express grant, by reservation or exception, . . . by covenant or agreement[,]" or by prescription. *Id.* (cleaned up). "To create an express grant or reservation of an easement, there must be language in the instrument of conveyance manifesting a clear intent to create the easement." *Chapdelaine v Sochocki*, 247 Mich App 167, 170; 635 NW2d 339 (2001). Plaintiffs did not present evidence to establish that they hold a private easement in the right of way. Rather, MCRC holds a public easement for the road.

Plaintiffs alleged that defendants trespassed by trimming trees that overhang the right of way. Plaintiffs claimed defendants violated MCL 247.241[3] and MCL 750.382(1),[4] which warrant

---

conveyance to vest the fee of such parcels of land as may be herein designated for public use in the municipality within the limits of which the land platted is included, in trust to and for the uses and purposes therein designated and for no other use or purpose whatever." 1948 CL 560.550.

The current platting statute, the Land Division Act, MCL 560.101 *et seq.*, contains a similar provision:

> (1) When a plat is certified, signed, acknowledged and recorded as prescribed in this act, every dedication, gift or grant to the public or any person, society or corporation marked or noted as such on the plat shall be deemed sufficient conveyance to vest the fee simple of all parcels of land so marked and noted, and shall be considered a general warranty against the donors, their heirs and assigns to the donees for their use for the purposes therein expressed and no other.

(2) The land intended for the streets, alleys, commons, parks or other public uses as designated on the plat shall be held by the municipality in which the plat is situated in trust to and for such uses and purposes. . . . [MCL 560.253.]

[3] It is a misdemeanor offense "to cut, destroy or otherwise injure any shade or ornamental tree . . . growing within the limits of any public highway . . . without the consent of the authorities having jurisdiction over such road." MCL 247.241.

[4] It is a crime to "willfully and maliciously, or wantonly and without cause, cuts down, destroy[], or injure[] any tree, shrub, grass, turf, plants, crops, or soil of another that is standing, growing, or located on the land of another . . . ." MCL 750.382. Plaintiffs do not raise this statute on appeal.

criminal penalties. Plaintiffs also relied on the MCRC Tree and Vegetation Removal policy, POL-2022-02, which "provides guidance to staff for removing trees, shrubs and other vegetation located within the public road right-of-way under the jurisdiction of the [MCRC]." In particular, POL-2022-02 states that the MCRC "does not own, plant, or maintain trees or vegetation located within the road right-of-way. All trees and vegetation located within the road right-of-way are considered to be property of the adjacent land owner." Plaintiffs also cited MCL 600.2919(1), which prohibits "cut[ting] down . . . any wood, underwood, trees, or timber . . . on another's lands . . . without the permission of the owner of the lands . . . ."[5]

The trial court concluded that neither of the parties owned the right of way and, as adjacent property owners, defendants were authorized to maintain the public road right of way. In particular, MCL 224.19b(1) states: "The adjacent property owner is not required to obtain a permit for work incidental to the maintenance of the right-of-way lying outside of the shoulder and roadway." To resolve this issue, we must consider the relevant statutory terms. The statute does not define "adjacent," but we "generally give[] undefined terms their plain and ordinary meanings and may certainly, and properly, consult dictionary definitions in giving such meaning. *Honigman Miller Schwartz & Cohn LLP v City of Detroit,* 505 Mich 284, 305-306; 952 NW2d 358 (2020). *Black's Law Dictionary* (12th ed) defines "adjacent" as "[l]ying near or close to, but not necessarily touching." Consistent with this definition, defendants are adjacent property owners.

Plaintiffs acknowledge that more than one landowner may be deemed adjacent, but argue "there is only one that is truly adjacent to a right of way that is given any rights or responsibilities concerning it." We disagree. None of the provisions cited by plaintiffs grant them a right of *exclusive* possession of the right of way. "The owner of property abutting upon a street," has the following property rights to the street: (1) the right to use the street as a member of the general public, (2) a reversionary ownership interest[6] to the center of the public street, and (3) a right to ingress and egress to and from the street as owner of a lot that abuts the street. *Baum Family Trust*, 488 Mich at 152. When examining the rights of a landowner to the adjacent public street, the language used in the dedication of the plat can be "significant, indeed controlling." *Id*. at 159. Plaintiffs' property is not included in the Lincoln Village plat, and plaintiffs did not present any evidence that the deed to their property referred to the Lincoln Village plat or included a fee simple interest to the center of Washington Boulevard. Plaintiffs have not established that they have a right of exclusive possession of the disputed right of way area. As adjacent property owners, defendants were authorized to maintain the public road right of way. MCL 224.19b(1). We conclude that the trial court did not err by determining that there was no genuine issue of material

---

[5] If a person violates this provision, the property owner can recover treble damages—i.e., three times their actual damages—from the defendant. MCL 600.2919(1). A trial court can also grant an injunction when treble damages "are not fully adequate and in any case where the trespass is of a continuing nature." MCL 600.2919(3)(a).

[6] A reversionary interest is a *future* interest in the property. *Ditmore v Michalik*, 244 Mich App 569, 580; 625 NW2d 462 (2001).

fact that defendants did not trespass by trimming the tree branches that were overhanging the public road right of way.

Plaintiffs also alleged that defendants trespassed by landscaping the public road right of way with rocks, lights, trees, and plants in violation of MCL 224.19b(1) without first obtaining a permit from the MCRC. In addition, plaintiffs relied on the MCRC Encroachment Removal policy, POL-2021-02, which states that "[a]ny structure or ornamental object . . . placed within the country road right-of-way without a permit from the [MCRC] shall be subject to removal."[7] Although MCL 224.19b(1) authorizes adjacent property owners to maintain public road right of ways without obtaining a permit, neither MCL 224.19b(1) nor POL-2021-02 grants adjacent property owners exclusive possession of the public road right of way or creates a private cause of action for any alleged violation. Further, defendants presented evidence that the MCRC determined that there was no violation of their encroachment policy. Accordingly, we conclude that the trial court did not err by determining that there was no genuine issue of material fact that defendants did not trespass by landscaping the public road right of way.[8]

## B. EQUITABLE RELIEF

"[E]very equitable right or interest derives not from a declaration of substantive law, but from the broad and flexible jurisdiction of courts of equity to afford remedial relief, where justice and good conscience so dictate. Equity allows complete justice to be done in a case by adapting

---

[7] MCRC Encroachment Removal policy, POL-2021-02, is based on the authority granted to the MCRC by MCL 247.17, which provides:

> In every case where a public highway has been or shall be encroached upon by any fence, building, or other encroachment, the commissioner or commissioners having jurisdiction over the road may make an order under his or their hand requiring the owner or occupant of the land through or by which such highway runs, and of which such fence, building, or other encroachment forms a part of the enclosure, to remove such encroachment from such highway within 30 days. A copy of such order shall be served upon such owner or occupant, and every such order shall specify the width of the road, the nature of the encroachment and its location with relation to the center line of the road, and the township, section and fraction thereof in which it may be: Provided, The commissioner or commissioners having the matter in charge may issue temporary permits for fences for the protection of improvements on the adjacent land.

[8] Plaintiffs also alleged in their complaint that defendants violated a local ordinance and trespassed by parking their vehicles and their guests' vehicles and placing garbage on the right of way. The trial court dismissed plaintiffs' trespass claims relating to the parking and the garbage. Plaintiffs do not address either of these trespass claims in their appeal brief and thus we deem any allegations of error regarding the dismissal of these claims abandoned. See *Cheesman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015).

its judgments to the special circumstances of the case." *Tkachik v Mandeville*, 487 Mich 38, 46; 790 NW2d 260 (2010) (cleaned up).

The trial court concluded that both parties, as adjacent property owners, were authorized to maintain the public road right of way, subject to the MCRC's restrictions. But the court indicated that there should be a clear line of demarcation for future maintenance of the right of way area. Defendants advocated for a "buffer zone," but plaintiffs' counsel agreed with the trial court: "I think it needs to be a clear line so that there's not a dispute all the time in regards to what a buffer is, how far does it reach . . . ." The trial court ordered that plaintiffs could trim the trees branches overhanging the right of way south of "a line drawn from the point where the western edge of Defendant's [sic] driveway contacts Washington Boulevard to the current placement of the Southernmost landscaping rock," and defendants could trim the trees branches overhanging the area north of that line.[9] Notably, as the court discussed how to apportion the parties' responsibilities for mowing the right of way, plaintiff Shannon Cornette conceded on the record, "Well, I believe, your Honor, I mean, you've already drawn the line and . . . we're okay with it ending there, and then we take care of that, that line to the south . . . ." He also stated, "And if they want . . . to keep their landscape there that's fine." Plaintiffs' counsel agreed that the line suggested by the court was reasonable. By agreeing to the dividing line determined by the court, plaintiffs have waived appellate review of any claim of error as it relates to the court's order regarding landscaping and future tree branch trimming. See *Grant v AAA Mich/Wisconsin, Inc (On Remand)*, 272 Mich App 142, 148–149; 724 NW2d 498 (2006) ("A party who expressly agrees with an issue in the trial court cannot then take a contrary position on appeal.").

As to mowing the right of way, the trial court determined "[d]efendants may mow and cut the grass in the road right-of-way north of a line drawn perpendicular, running east and west, from the metal fence post or white pole located at the southernmost point of the first full section of the metal fence, south of the wooden gate/fence, and then running to the edge of Washington Boulevard (a distance of approximately 15 feet running south from the southernmost landscaping rock) and . . . Plaintiffs may mow and cut the grass in the road right-of-way to the south of this line." MCL 224.19b(1) authorizes both parties, as adjacent property owners, to maintain the public road right of way, subject to the MCRC's restrictions. In light of this statutory authority and plaintiffs' concession that the line determined by the court for tree trimming and landscaping responsibilities was reasonable, we conclude that the trial court's determination of the parties' mowing responsibilities was not outside the range of reasonable and principled outcomes.

## C. INJUNCTIVE RELIEF

Finally, plaintiffs assert that they should have been awarded injunctive relief to prevent defendants from further trespassing on plaintiffs' portion of the right of way without their consent. "[I]njunctive relief is an extraordinary remedy that issues only when justice requires, there is no adequate remedy at law, and there is a real and imminent danger of irreparable injury." *Janet*

---

[9] Although the trial court determined a line of demarcation, it made it clear that "the parties can agree on something else if they wish[.]"

*Travis, Inc v Preka Holdings, LLC*, 306 Mich App 266, 274; 856 NW2d 206 (2014). "Courts balance the benefit of an injunction to a requesting plaintiff against the damage and inconvenience to the defendant, and will grant an injunction if doing so is most consistent with justice and equity." *Id*. at 274-275. Because plaintiffs did not establish that they had an exclusive right of possession of the public road right of way adjacent to their property, we conclude that the trial court did not abuse its discretion by denying injunctive relief.[10]

Affirmed.

/s/ James Robert Redford
/s/ Thomas C. Cameron
/s/ Sima G. Patel

---

[10] Plaintiffs moved for a preliminary injunction, which the trial court denied after considering the likelihood plaintiffs would succeed on the merits, the potential irreparable harm if the injunction is not issued, the risk plaintiffs would be harmed more by the absence of an injunction than defendants would be if one were issued, and the harm to the public interest by issuing an injunction. See *Johnson*, 341 Mich App at 9. It was plaintiffs' burden to establish that they were entitled to a preliminary injunction. See *id*. The trial court concluded that plaintiffs did not meet that burden. Plaintiffs have not addressed any of these factors on appeal and thus we deem any allegations of error in the denial of their motion for a preliminary injunction abandoned. See *Cheesman*, 311 Mich App at 161.

-8-