*In re* FOSTER ATTORNEY FEES

Docket No. 327707. Submitted September 14, 2016, at Lansing. Decided September 22, 2016, at 9:00 a.m. Leave to appeal denied 500 Mich 1059.

Attorney Mitchell T. Foster was appointed by the Iosco Circuit Court as appellate counsel for David G. Boudrie, Sr., who had pleaded guilty of unlawful imprisonment, MCL 750.349b. The Court of Appeals denied Boudrie's delayed application for leave to appeal his plea-based conviction and also denied his motion for leave to file a motion in the trial court to correct an invalid sentence. *People v Boudrie*, unpublished order of the Court of Appeals, entered March 5, 2016 (Docket No. 325681). The trial court authorized a payment of $642 for Foster's appellate services, and Foster filed a petition in the trial court for a reasonable fee, arguing that he had not been paid for the time he had spent preparing and filing in the Court of Appeals Boudrie's delayed application for leave to appeal and motion for leave to file a motion in the trial court to correct Boudrie's invalid sentence; Foster asserted that he was also not reimbursed for copy and postage fees incurred in connection with the filings in the Court of Appeals. The trial court, William F. Myles, J., denied Foster's petition, stating that because Iosco County was poor, it was the court's policy not to pay fees incurred by a court-appointed appellate attorney when the Court of Appeals denied for lack of merit in the grounds presented an application for leave to appeal a plea-based conviction. Foster appealed, and the Court of Appeals granted the Michigan Appellate Assigned Counsel System's motion to intervene.

The Court of Appeals *held*:

1. The Due Process and Equal Protection Clauses of the United States Constitution require that appellate counsel be appointed for those indigent defendants who seek access to first-tier review in the Court of Appeals. Under former MCL 775.16, an attorney appointed to represent an indigent defendant was entitled to reasonable compensation for his or her services. When determining reasonable compensation, a court could take into account local considerations, including the population of the county and the county's financial means; reasonable compensa-

tion could vary among the circuit courts. The trial court abused its discretion by denying Foster compensation for his appellate work on the basis that Boudrie's application for leave to appeal and motion were denied by the Court of Appeals; Foster was entitled to reasonable attorney fees and expense reimbursement for that work. The trial court's policy effectively made Foster's compensation contingent on the outcome of Boudrie's appeal in the Court of Appeals; that policy violated MRPC 1.5(d), which prohibits an attorney from entering into a contingency-fee arrangement in criminal matters. Further, the trial court misunderstood the order denying Boudrie's delayed application for leave to appeal; the language "denied for lack of merit in the grounds presented" in the Court of Appeals order may not have been equivalent to a final decision on the merits but instead may have signaled that the Court found the matters asserted unworthy of the expenditure of further judicial resources.

2. Reassignment to a different trial judge on remand for the calculation of reasonable compensation was necessary to preserve the appearance of justice because of the trial judge's previously expressed views.

Reversed and remanded.

ATTORNEY AND CLIENT — COURT-APPOINTED COUNSEL — REASONABLE COMPENSATION — RESULT OF APPEAL NOT A FACTOR.

An attorney appointed to represent an indigent defendant who is appealing his or her plea-based conviction is entitled to reasonable compensation for those legal services and reimbursement for associated costs regardless of whether the defendant is granted the relief sought.

*Mitch Foster Law* (by Mitchell T. Foster) *in propria persona.*

State Appellate Defender (by *Dawn Van Hoek*) and *Bradley R. Hall,* Michigan Appellate Assigned Counsel System Administrator, for the Michigan Appellate Assigned Counsel System.

Before: JANSEN, P.J., and K. F. KELLY and O'BRIEN, JJ.

PER CURIAM. Appellant, Mitchell T. Foster, appeals as of right the order of the trial court denying his petition

for appellate attorney fees in addition to those sums that the trial court had already approved for Foster's appellate representation of defendant, David George Boudrie, Sr. We reverse and remand for further proceedings consistent with this opinion.

Following defendant's plea-based conviction for unlawful imprisonment, MCL 750.349b, Foster was appointed by the trial court to be defendant's appellate attorney. Foster visited with defendant, reviewed the record, and filed a delayed application for leave to appeal with this Court. The delayed application presented three issues: whether the scoring of Offense Variable (OV) 3 was incorrect, whether trial counsel was ineffective for failing to object to the scoring of OV 3 at sentencing, and whether defendant's sentencing guidelines were unconstitutionally increased based on impermissible judicial fact-finding. Additionally, Foster filed a motion in this Court for leave to file a motion in the trial court to correct an invalid sentence. This Court denied leave to appeal in an order, which stated:

> The Court orders that the delayed application for leave to appeal is DENIED for lack of merit in the grounds presented.
>
> The motion for leave to file a motion to correct an invalid sentence in the Trial Court is DENIED. [*People v Boudrie*, unpublished order of the Court of Appeals, entered March 5, 2015 (Docket No. 325681).]

Foster was paid $642 for his services. He filed a petition for a reasonable fee in the trial court, arguing that he was not paid for the time he spent preparing the delayed application for leave to appeal or the motion filed in this Court. Additionally, the trial court did not reimburse Foster for copy and postage fees incurred in connection with Foster's filings in this Court. During the hearing on Foster's petition, the

trial court explained that because this Court denied defendant's application for leave to appeal on the basis of "no merit and grounds," and because the trial court presided in a "poor county," the court could not afford to pay for appellate attorney fees when attorneys "file stuff that doesn't have a basis of merit to it." Foster asked the trial court if it was policy that anytime this Court denies an appeal "for lack of merit on a guilty plea case," the trial court would not pay fees for the work incurred by a court-appointed appellate attorney, to which the trial court replied, "That's correct." Foster then filed this appeal.

Foster argues that the trial court abused its discretion when it denied Foster's request for additional fees and expenses for preparing and filing the delayed application for leave to appeal and the motion for leave to file a motion to correct an invalid sentence because this Court denied the delayed application for leave to appeal for lack of merit in the grounds presented. We agree.

A trial court's determination regarding the reasonableness of compensation for services and expenses of court-appointed attorneys is reviewed for an abuse of discretion. *In re Mullkoff Attorney Fees*, 176 Mich App 82, 85; 438 NW2d 878 (1989). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Lyon*, 310 Mich App 515, 517; 872 NW2d 245 (2015).

"[T]he Due Process and Equal Protection Clauses require the appointment of counsel for defendants, convicted on their pleas, who seek access to first-tier review in the Michigan Court of Appeals." *Halbert v Michigan*, 545 US 605, 610; 125 S Ct 2582; 162 L Ed 2d 552 (2005). "At common law," the burden of providing a defense to indigent defendants "was borne by members

of the bar as part of the obligations assumed upon admission to practice law." *In re Recorder's Court Bar Ass'n*, 443 Mich 110, 121; 503 NW2d 885 (1993). However, in *Recorder's Court Bar Ass'n*, our Supreme Court, while noting that the validity and accuracy of this common-law rule was not without challenge, recognized that MCL 775.16 provides a statutory right to reasonable compensation for those attorneys appointed to represent indigent defendants. *Id.* at 122-123. Our Supreme Court held that while "what constitutes reasonable compensation may necessarily vary among circuits," "the Legislature clearly intended an individualized determination of reasonable compensation . . . ." *Id.* at 129-130. On this basis, our Supreme Court determined that the Wayne Circuit Court's "fixed-fee system" failed "to provide assigned counsel reasonable compensation within the meaning of" the statute. *Id.* at 131.[1]

We conclude that the trial court's policy of not paying counsel for time spent in preparing a delayed application for leave to appeal or for preparing motions filed with this Court when this Court ultimately denies leave to appeal "for lack of merit in the grounds presented" or denies relief on the motions constitutes an abuse of discretion. This policy clearly provides that

---

[1] We note that MCL 775.16 was recently amended and no longer explicitly provides that an attorney appointed to represent an indigent defendant is entitled to reasonable compensation. See MCL 775.16, as amended by 2013 PA 94, effective July 1, 2013. However, no party on appeal contends that Foster is not entitled to reasonable compensation. Instead, Foster contends that the trial court improperly determined his compensation. Furthermore, the Michigan Supreme Court recently referred to the reasonable-compensation requirement in an order entered after MCL 775.16 was amended, which indicates that the requirement still exists. See *In re Ujlaky Attorney Fees*, 498 Mich 890 (2015). Regardless, because the issue is not before this Court, we decline to address it.

a court-appointed appellate attorney's fee would be contingent on the outcome of the matter for which the service was rendered. Our Supreme Court in *Recorder's Court Bar Ass'n* recognized that the reasonable-compensation determination will necessarily take into account local considerations, including the population of the county and the county's financial means, and the meaning of "reasonable compensation" may vary among circuit courts. *Recorder's Court Bar Ass'n*, 443 Mich at 129. However, the Court did not state that the trial court may award compensation contingent on the outcome at the appellate level. Indeed, attorneys are not allowed to enter into contingency-fee arrangements in criminal matters under the Michigan Rules of Professional Conduct. MRPC 1.5(d). Therefore, no attorney in the state of Michigan could agree to be a court-appointed attorney in the Iosco Circuit Court under that court's current policy because to do so would require entering into a contingency-fee arrangement in violation of the attorney's professional responsibilities. Accordingly, the trial court's policy was unreasonable and constituted an abuse of discretion.

Additionally, the trial court misunderstood the language from this Court's order denying defendant's delayed application for leave to appeal. The United States Supreme Court, in holding that Michigan is required to provide appointed counsel for defendants convicted by plea who are seeking access to first-tier appellate review, stated that when this Court "denies leave using the stock phrase 'for lack of merit in the grounds presented,' its disposition may not be equivalent to a 'final decision' on the merits, *i.e.*, the disposition may simply signal that the court found the matters asserted unworthy of the expenditure of further judicial resources." *Halbert*, 545 US at 618. This Court's decision denying defendant's application for leave to appeal was

not necessarily a final decision on the merits, but may simply have been a statement that the matters asserted were not worthy of further expenditure of judicial resources. In fact, because one of the issues raised by Foster in the delayed application for leave to appeal concerned the constitutionality of Michigan's sentencing guidelines, the Supreme Court's decision in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), confirmed that at least one issue raised by Foster had a great deal of merit. After filing a pro se application for leave to appeal to the Michigan Supreme Court upon this Court's denial of defendant's delayed application, defendant received some level of favorable relief from our Supreme Court in its order remanding defendant's case to the trial court for a determination whether it would have imposed a materially different sentence under *Lockridge*. See *People v Boudrie*, 499 Mich 851 (2016). Therefore, notwithstanding the impermissible and unreasonable nature of the trial court's decision in denying appointed counsel fees and expenses when this Court determined the arguments were without merit, at least one of the arguments made by Foster in this particular case was determined to have some level of merit by our Supreme Court.

For the reasons discussed in this opinion, Foster was entitled to reasonable attorney fees and expense reimbursement for preparing defendant's delayed application for leave to appeal and for preparing defendant's motion for leave to file a motion to correct an invalid sentence. The trial court's policy of not paying for work performed on behalf of a defendant when this Court denies an application for lack of merit in the grounds presented is unreasonable and an abuse of discretion.[2]

---

[2] In light of our resolution of the issue, we decline to address the constitutional arguments presented by intervening appellant, the Michigan Appellate Assigned Counsel System, in its brief on appeal.

Accordingly, remand is necessary for the trial court to determine the compensation owed to Foster by conducting an individualized determination of reasonable compensation that is not contingent on the outcome of the appeal in this Court.

We further conclude that remand to a different trial judge is warranted given the trial judge's statement that it was his personal policy to deny attorney fees anytime this Court denies leave for lack of merit in a guilty-plea case. In determining whether to remand the case to a different trial judge, this Court considers

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness. [*People v Hill*, 221 Mich App 391, 398; 561 NW2d 862 (1997) (citations and quotation marks omitted).]

See also *Bayati v Bayati*, 264 Mich App 595, 602-603; 691 NW2d 812 (2004) ("We may remand to a different judge if the original judge would have difficulty in putting aside previously expressed views or findings, if reassignment is advisable to preserve the appearance of justice, and if reassignment will not entail excessive waste or duplication.").

During the hearing on Foster's motion for attorney fees, Foster asked the trial court whether its decision represented an Iosco Circuit Court policy or simply represented the trial judge's policy. The judge responded, "That's my policy. I don't know if there is an official one in the circuit. I'm the only Circuit Judge here right now, so . . . ." The judge further explained,

"[W]e've got a poor county here and we can't be -- afford to pay attorneys to file stuff that doesn't have a basis of merit to it." The judge's comments make clear that the refusal to grant fees and expenses when this Court denies leave to appeal for lack of merit in the grounds presented constituted his personal policy. Therefore, we conclude that the trial judge would reasonably be expected to have substantial difficulty putting out of his mind his previously expressed views regarding the proper resolution of the compensation issues. We further conclude that reassignment is advisable to preserve the appearance of justice in this case. Although the judge was able to consider the financial means of the county in rendering his decision, the judge improperly based his decision on his personal policy that Foster was not entitled to compensation for the work he performed on the delayed application and motion because this Court denied leave to appeal. In addition, we do not believe that reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness considering the trial judge's personal stance on this issue. Accordingly, we remand the case to a different trial judge to determine the reasonable compensation owed to Foster. See *Hill*, 221 Mich App at 398.

Reversed and remanded for further proceedings consistent with this opinion. On remand, the case is to be reassigned to a different trial judge. We do not retain jurisdiction.

JANSEN, P.J., and K. F. KELLY and O'BRIEN, JJ., concurred.