*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Attorney Fees of MITCHELL T. FOSTER

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

THERESA LYNNE PETTO,

        Defendant,

and

MITCHELL T. FOSTER,

        Appellant.

UNPUBLISHED
May 21, 2019

No. 343340
Kalamazoo Circuit Court
LC No. 2015-000906-FC

Before: SHAPIRO, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM.

Appellant, Mitchell T. Foster, appeals as of right the trial court's order granting, in part, his motion for reconsideration and awarding Foster $1,000 in attorney fees. For the reasons stated in this opinion, we reverse and remand for further proceedings.

This case arises out of attorney fees charged by Foster as a result of his representation of defendant, Theresa Lynne Petto, in her post-conviction proceedings. Petto pleaded guilty but mentally ill to felony murder, MCL 750.316(1)(b), before the end of her trial. The trial court sentenced Petto to life imprisonment without the possibility of parole. Foster was appointed to represent Petto in her appeal. Foster filed a motion in the trial court to withdraw Petto's guilty plea. The trial court denied that motion. Thereafter, Foster filed a delayed application for leave to appeal, which this Court denied. Foster appealed this Court's decision to the Michigan

-1-

Supreme Court. In lieu of granting leave to appeal, the Michigan Supreme Court remanded the case to this Court for consideration as on leave granted. Foster then filed a motion for a remand to the trial court for a *Ginther*[1] hearing, which was granted by this Court.

Foster filed a petition in the trial court for a total payment of $2,820.31 in attorney fees for the work he completed on Petto's case up until this Court denied Petto's delayed application for leave to appeal. Foster sought payment for 51.20 hours of work at a rate of $45 an hour (the scheduled rate in Kalamazoo County for appointed counsel in felony appeals) and 5.80 travel hours at $12 an hour (scheduled rate in Kalamazoo County). Foster requested $446.71 in additional expenses. The trial court awarded Foster $750, which exceeded the $500 cap that Kalamazoo County placed on services rendered by appointed attorneys in appellate proceedings involving guilty pleas. Foster then filed a motion for reconsideration, requesting the approval of an additional $1,623.60 for his work on the case. In the alternative, Foster asked the trial court to state on the record its reasons for decreasing his attorney fees. Following a hearing, the trial court set aside its initial order awarding Foster $750 in attorney fees and ordered that Foster was entitled to the $500 maximum for representing Petto in her motion to withdraw guilty plea and the $500 maximum for representing Petto in her appeal. This appeal followed.

Foster argues that the trial court abused its discretion by capping attorney fees pursuant to the Kalamazoo County fee schedule without considering whether his additional requested fees were reasonable. We agree.

"A trial court's determination regarding the reasonableness of compensation for services and expenses of court-appointed attorneys is reviewed for an abuse of discretion." *In re Foster Attorney Fees*, 317 Mich App 372, 375; 894 NW2d 718 (2016). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted).

This Court has explained:

"At common law" the burden of providing a defense to indigent defendants "was borne by members of the bar as part of the obligations assumed upon admission to practice law." *In re Recorder's Court Bar Ass'n*, 443 Mich 110, 121; 503 NW2d 885 (1993). However, in *Recorder's Court Bar Ass'n*, our Supreme Court, while noting that the validity and accuracy of this common-law rule was not without challenge, recognized that MCL 775.16 provides a statutory right to reasonable compensation for those attorneys appointed to represent indigent defendants. *Id*. at 122-123. Our Supreme Court held that while "what constitutes reasonable compensation may necessarily vary among circuits," "the Legislature clearly intended an individualized determination of reasonable compensation . . . ." *Id*. at 129-130. [*In re Foster Attorney Fees*, 317 Mich App at 375-376.]

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

Although MCL 775.16 has since been amended, effective July 1, 2013, and no longer contains the reasonable-compensation requirement, the Supreme Court has made clear that the requirement still applies. See *In re Ujlaky*, 498 Mich 890 (2015) (remanding the case to the trial court "for a determination of the reasonableness of the attorney fees requested"). See also *In re Foster Attorney Fees*, 317 Mich App at 376 n 1 (declining to specifically address the issue, but noting that the Michigan Supreme Court referred to the reasonable-compensation requirement in an order entered after MCL 755.16 was amended).

In *In re Ujlaky*, 498 Mich at 890, the Supreme Court, in lieu of granting leave to appeal, reversed our decision affirming the denial of an attorney's request for extraordinary fees and remanded the case to the trial court "for a determination of the reasonableness of the attorney fees requested." The order directed that:

> The trial court applied the county's fee schedule, which capped compensation for plea cases at $660, but did not address at all the reasonableness of the fee in relation to the actual services rendered, as itemized by the appellant. See *In re Recorder's Court Bar Ass'n*, 443 Mich 110, 131, 503 NW2d 885 (1993). Although the expenditure of any amount of time beyond that contemplated by the schedule for the typical case does not, *ipso facto*, warrant extra fees, spending a significant but reasonable number of hours beyond the norm may. On remand, the trial court shall either award the requested fees, or articulate on the record its basis for concluding that such fees are not reasonable. See, e.g., *In re Attorney Fees of Mullkoff*, 176 Mich App 82, 85-88, 438 NW2d 878 (1989), and *In re Attorney Fees of Jamnik*, 176 Mich App 827, 831, 440 NW2d 112 (1989).

In this case, while the trial court expressed some concern about the 10.1 hours spent on the delayed application for leave, the trial court did not conclude that this or any other amount of time that Foster spent on Petto's case was unreasonable. However, it clearly relied on the Kalamazoo County policy capping compensation for appeals involving guilty pleas. At the hearing, Foster asked the trial court to consider whether the hours spent in each category on his itemized billing statement were reasonable. However, the trial court declined to do so on the record. The trial court agreed to examine Foster's itemized hours and issue a written opinion. In the written opinion, the trial court concluded that Foster was entitled to the maximum amounts allotted by Kalamazoo County for representing Petto at her plea-withdrawal hearing and her appeal, but it did not determine that any of the additional time Foster spent on the case, for which he was requesting additional fees, was unreasonable.

As a result, we conclude that the trial court abused its discretion in failing to either award Foster the full amount of requested fees or determine its basis for concluding that the amount was not reasonable. See *In re Attorney Fees of Ujlaky*, 498 Mich at 890 (stating that the trial court was required to "either award the requested fees, or articulate on the record its basis for concluding that such fees are not reasonable."). See also *In re Attorney Fees of Jamnik*, 176 Mich App at 831-832 (stating that "[w]hile the determination of what is reasonable compensation for such services is left to the sound discretion of the trial court, it is an abuse of discretion to simply deny any compensation for such services"). Accordingly, we remand to the trial court for such a determination. See *In re Attorney Fees of Ujlaky*, 498 Mich at 890.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Stephen L. Borrello
/s/ Jane M. Beckering