*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Attorney Fees of ROBYN FRANKEL

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

BRIAN CHRISTOPHER PATRICK,

Defendant,

and

ROBYN FRANKEL,

Appellant.

UNPUBLISHED
December 17, 2019

No. 342328
Macomb Circuit Court
LC No. 2014-004084-FC

Before: RONAYNE KRAUSE, P.J., and CAVANAGH and SHAPIRO, JJ.

PER CURIAM.

Appellant Robyn Frankel appeals the trial court's order granting in part her motion for appointed appellate attorney fees and costs. For the reasons stated in this opinion, we reverse and remand for further proceedings.

Appellant was appointed as appellate counsel for defendant following his jury-trial conviction of first-degree criminal sexual conduct. After reviewing the lower court transcripts and meeting with trial counsel, appellant filed a motion to remand for a *Ginther*[1] hearing, which was granted by this Court. On remand, appellant filed a motion for a new trial, an accompanying brief in support, and a motion to exceed the page limit. Appellant spent time preparing for the hearing and obtained affidavits from several witnesses to present at the hearing in lieu of live testimony. After the motion for a new trial was denied following the evidentiary hearing, appellant prepared and filed a supplemental brief on appeal.

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

-1-

Appellant then filed a motion for appointed appellate attorney fees, requesting that the trial court exceed the presumptive maximum of $3,375. Appellant explained that this case required substantially more work than a typical criminal appeal and requested $5,445 in attorney fees plus expenses. Appellant presented the trial court with an itemized billing statement, and explained that she refrained from billing for time spent on her regular correspondence with defendant and for certain filings made in this Court.

At the hearing, the trial court stated:

> All right. This is never [an] entirely satisfied expense for most lawyers whether they be appellant or trial lawyers because the remuneration rarely equals the benefit bestowed on your client but on the system itself. But, nonetheless, the Court in reviewing this finds that there are some extraordinary aspects to this matter that did require payment beyond the pay schedule as was outlined in your pleadings. The Court is awarding $4,410 in reimbursement and the additional $212.50 in expenses.

The trial court entered an order reflecting an award of attorney fees in the amount of $4,410. This appeal followed.

Appellant argues that the trial court abused its discretion by not articulating a reason for awarding only a portion of the requested attorney fees. We agree.[2]

Appointed counsel is entitled to reasonable compensation. As we have previously explained:

> "At common law" the burden of providing a defense to indigent defendants "was borne by members of the bar as part of the obligations assumed upon admission to practice law." *In re Recorder's Court Bar Ass'n*, 443 Mich 110, 121; 503 NW2d 885 (1993). However, in *Recorder's Court Bar Ass'n*, our Supreme Court, while noting that the validity and accuracy of this common-law rule was not without challenge, recognized that MCL 775.16 provides a statutory right to reasonable compensation for those attorneys appointed to represent indigent defendants. *Id*. at 122-123. Our Supreme Court held that while "what constitutes reasonable compensation may necessarily vary among circuits," "the Legislature clearly intended an individualized determination of reasonable compensation . . . ." *Id*. at 129-130. [*In re Foster Attorney Fees*, 317 Mich App 372, 375-376; 894 NW2d 718 (2016).]

---

[2] "A trial court's determination regarding the reasonableness of compensation for services and expenses of court-appointed attorneys is reviewed for an abuse of discretion." *In re Foster Attorney Fees*, 317 Mich App 372, 375; 894 NW2d 718 (2016). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008).

"Although MCL 775.16 has since been amended, effective July 1, 2013, and no longer contains the reasonable-compensation requirement, the Supreme Court has made clear that the requirement still applies." *In re Foster Attorney Fees*, ___ Mich App ___; ___ NW2d ___ (2019) (Docket No. 343340); slip op at 3, citing *In re Ujlaky Attorney Fees*, 498 Mich 890 (2015).

It is also well established that a trial court must award appointed counsel's requested attorney fees or articulate a basis for concluding that the amount is unreasonable. *In re Foster Attorney Fees*, ___ Mich App at ___; slip op at 3; *In re Ujlaky Attorney Fees*, 498 Mich at 890; *In re Jamnik Attorney Fees*, 176 Mich App 827, 831-832; 440 NW2d 112 (1989). Here, appellant provided an itemized billing showing that she spent 72.6 hours on this case, and requested attorney fees in the amount of $5,445. Appellant noted that the presumptive fee in Macomb County was $3,375 for 45 hours of work, but explained that the amount of work that was required was above and beyond what the traditional fee schedule contemplated. While the trial court agreed that appellant was entitled to more than the presumptive fee, the trial court did not state why a fee of $4,410 was more reasonable than appellant's requested amount of $5,445. The court's failure to do so constitutes an abuse of discretion. See *In re Foster*, ___ Mich App at ___; slip op at 3. On remand, the trial court must "either award the requested fees, or articulate on the record its basis for concluding that such fees are not reasonable." *In re Ujlaky*, 498 Mich at 890.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Mark J. Cavanagh
/s/ Douglas B. Shapiro

-3-