*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Attorney Fees of JOHN W. UJLAKY.

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

FREDERICK ALLAN MATTHEWS,

      Defendant,

and

JOHN W. UJLAKY,

      Appellant.

UNPUBLISHED
December 14, 2023

No. 364889
Allegan Circuit Court
LC No. 2022-025034-FH

Before: FEENEY, P.J., and RICK and HOOD, JJ.

PER CURIAM.

Appellant, John W. Ujlaky, appeals as of right the trial court's order reducing his requested attorney fees from $4,606.72 to $3,406.72 for his services representing defendant during defendant's direct appeal to this Court. For the reasons stated in this opinion, we vacate the attorney-fee award and remand for further proceedings.

## I. FACTUAL BACKGROUND

A jury found defendant guilty of second-degree home invasion, MCL 750.110a(3); and malicious destruction of a building in the amount of $1,000 or more but less than $20,000, MCL 750.380(3)(a). The Allegan Circuit Court subsequently appointed Ujlaky to represent defendant in his postconviction proceedings. Ujlaky's representation of defendant included a

number of services, such as reviewing the lower court record, meeting virtually with defendant, and preparing an appellate brief raising five separate legal issues.[1]

Ujlaky filed a statement of services and request for attorney fees in the total amount of $4,606.72, which consisted of $4,575 for legal services and $31.72 in expenses. The Michigan Appellate Assigned Counsel System standard fee for an appeal from a trial conviction in a Level II case is $75 an hour, with a presumptive maximum of 45 hours. In other words, the presumptive maximum fee for a Level II appeal is $3,375. With the fee request, Ujlaky provided an itemized billing statement detailing the date, number of billable hours, and $75 hourly rate for the legal services provided in the appeal. He also filed a petition for fees in excess of the standard maximum. In the petition, Ujlaky explained that additional time was necessary for the appeal because of the serious nature of the conviction and the issues requiring consideration on appeal. Ujlaky claimed that he spent a total of 61 hours working on the appeal and requested $4,575 in legal fees. The trial court only approved payment of $3,375 for legal services and $31.72 for expenses, for a total of $3,406.72. The trial court did not hold a hearing to address the request for additional fees. In the summary section of the fee request, the court simply commented that the "[r]equest for additional fees not justified." This appeal followed.

## II. ANALYSIS

Ujlaky's sole argument on appeal is that the trial court abused its discretion by failing to provide an adequate explanation for its decision to reduce the fees requested. We agree.

"A trial court's determination regarding the reasonableness of compensation for services and expenses of court-appointed attorneys is reviewed for an abuse of discretion." *In re Attorney Fees of Foster*, 317 Mich App 372, 375; 894 NW2d 718 (2016). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted).

To constitute reasonable compensation, "the compensation *actually* paid must be reasonably related to the representational services that the individual attorneys *actually* perform." *Recorder's Court Bar Ass'n v Wayne Circuit Court*, 443 Mich 110, 131; 503 NW2d 885 (1993). The trial court has broad discretion to determine what constitutes reasonable compensation, but even so, it may not "simply deny" compensation for billed services without an explanation. See *In re Attorney Fees of Jamnik*, 176 Mich App 827, 831-832; 440 NW2d 112 (1989), aff'd sub nom *People v Hunter*, 434 Mich 883 (1990). A trial court must "either award the requested fees, or articulate on the record its basis for concluding that such fees are not reasonable." *In re Ujlaky*, 498 Mich 890 (2015).

This Court has articulated the following factors for a court to consider while determining reasonable compensation for appointed counsel:

---

[1] See Michigan Court of Appeals, Docket No. 362717.

1. The complexity and difficulty of the case and the time and expense of counsel which can reasonably be justified.

2. The trial court's policy as to compensation.

3. The minimum standards for indigent criminal appellate defense services promulgated by the Michigan Supreme Court in Administrative Order 1981-7, 412 Mich lxxxiv-xci.[2] [*In re Attorney Fees of Jamnik*, 176 Mich App at 831.]

See also *Recorder's Court Bar Ass'n*, 443 Mich at 131 (holding that "whatever the system or method of compensation utilized, the compensation *actually* paid must be reasonable related to the representational services that the individual attorneys *actually* perform"). "Although the expenditure of any amount of time beyond that contemplated by the schedule for the typical case does not, *ipso facto*, warrant extra fees, spending a significant but reasonable number of hours beyond the norm may." *In re Ujlaky*, 498 Mich at 890.

In this case, Ujlaky requested fees in excess of the standard fee for handling an appeal from a trial conviction. He provided an itemized billing statement detailing the tasks that he completed and the time spent on each task. However, the trial court simply awarded the standard fee without considering whether the request for additional fees was reasonable in light of the actual services rendered. The approval of payment merely states that "[a]ny reductions or changes to Counsel's request are indicated above with strikethrough," and every item on the list for which Ujlaky requested additional reimbursement is crossed out. As earlier noted, the court's only stated reason for declining to reimburse Ujlaky as requested is a brief comment noting: "Request for additional fees not justified." In the absence of any analysis as to *why* these fees were not justified, however, we conclude that the court's attorney-fee award fell "outside the range of reasonable and principled outcomes" available in this case. *In re Foster*, 317 Mich App at 375. Accordingly, a remand to the trial court is required. On remand, the trial court must "either award the requested fees, or articulate on the record its basis for concluding that such fees are not reasonable." *In re Ujlaky*, 498 Mich at 890.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kathleen A. Feeney
/s/ Michelle M. Rick
/s/ Noah P. Hood

---

[2] The standards in Administrative Order No. 1981-7 were later revised and replaced by Administrative Order No. 2004-6, 471 Mich c (2004).