*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ATTORNEY FEES OF MICHAEL A. FARAONE.

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JAMARIE NICHOLUS BELL,

      Defendant,

and

MICHAEL A. FARAONE,

      Appellant.

UNPUBLISHED
November 13, 2024
10:05 AM

No. 369180
Kent Circuit Court
LC No. 21-003238-FC

---

Before: BOONSTRA, P.J., and MURRAY and CAMERON, JJ.

PER CURIAM.

Appellant appeals by right the trial court's award of attorney fees. In 2022, a jury convicted defendant of (1) first-degree premeditated murder, MCL 750.316(1)(a); (2) felony gang membership, MCL 750.411u; and (3) carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant appealed his convictions and sentences; this Court affirmed defendant's convictions but remanded for resentencing.[1] Appellant is defendant's court-appointed appellate counsel. Appellant submitted an attorney fee request and itemized bill to the trial court for his work on defendant's appeal, and the trial court awarded some, but not all, of the attorney fees requested. We vacate the award of attorney fees and remand for the trial court to

---

[1] See *People v Bell*, unpublished per curiam opinion of the Court of Appeals, issued February 1, 2024 (Docket No. 362347), p 1.

-1-

either award appellant the full amount of the requested fees or articulate its basis for concluding that the amount was not reasonable.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Appellant submitted an itemized bill to the trial court for his work on defendant's appeal, requesting $4,340 in attorney fees and $261.12 in expenses.[2] The trial court only approved $2,205 in attorney fees, as well as the $261.12 in expenses. The trial court did not provide any explanation for the amount of the award apart from the comment "Reviewed by Judge Trusock and flat rate cap was approved" found on the form approving the payment of fees. The trial court did not offer any further explanation for its decision. Appellant moved the trial court for reconsideration, which the trial court denied without making any additional findings. This appeal followed.

## II. COURT-APPOINTED COUNSEL FEES

Appellant argues that the trial court erred by denying his full fee request without making any findings concerning their reasonableness. We agree.

"A trial court's determination regarding the reasonableness of compensation for services and expenses of court-appointed attorneys is reviewed for an abuse of discretion. A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *In re Foster Attorney Fees*, 317 Mich App 372, 375; 894 NW2d 718 (2016) (quotation marks and citations omitted).

Prior to its amendment in 2013, MCL 775.16 explicitly provided that a court-appointed attorney who represented an indigent defendant was entitled to reasonable compensation; however, the statute now simply provides that an indigent defendant has the right to an appointed counsel. See MCL 775.16 before and after amendment by 2013 PA 94. Nevertheless, the Michigan Supreme Court has referred to the reasonable-compensation requirement after MCL 775.16 was amended. See *In re Ujlaky*, 498 Mich 890; 869 NW2d 624 (2015); *Foster Attorney Fees*, 371 Mich App at 376 n 1. The parties in this case do not dispute that appellant had represented an indigent defendant and was entitled to reasonable attorney fees for his services.

In *Ujlaky*, 498 Mich at 890, our Supreme Court noted that "[t]he trial court applied the county's fee schedule, which capped compensation for plea cases at $660, but did not address at all the reasonableness of the fee in relation to the actual services rendered, as itemized by the appellant." The Michigan Supreme Court explained that, "[a]lthough the expenditure of any amount of time beyond that contemplated by the schedule for the typical case does not, *ipso facto*, warrant extra fees, spending a significant but reasonable number of hours beyond the norm may." *Id*. Therefore, the Michigan Supreme Court remanded the case, instructing the trial court to "either award the requested fees, or articulate on the record its basis for concluding that such fees are not reasonable." *Id*.

Similarly, in *In re Foster*, 329 Mich App 371, 376; 941 NW2d 711 (2019), this Court concluded "that the trial court abused its discretion by failing to either award [defense counsel] the full amount of requested fees or articulate its basis for concluding that the amount was not reasonable." This Court reasoned as follows:

> In this case, while the trial court expressed some concern about the number of hours spent on the delayed application for leave to appeal, the trial court did not conclude that this or any other amount of time that [defense counsel] spent on [the defendant's] case was unreasonable. However, the court clearly relied on Kalamazoo County's policy of capping compensation for appeals involving guilty pleas at $500. At the hearing, [defense counsel] asked the trial court to consider whether the hours spent in each category on his itemized billing statement were reasonable. The trial court declined to do so on the record, but agreed instead to examine [defense counsel's] itemized hours and issue a written opinion. In its written opinion, the trial court concluded that [defense counsel] was entitled to the maximum amounts allotted by Kalamazoo County for representing [the defendant] at her plea-withdrawal hearing and in her appeal, but it did not determine that any of the additional time [defense counsel] spent on the case, for which he was requesting additional fees, was unreasonable. [*Id*. at 375-376.]

As in *Foster* and *Ujlaky*, the trial court in this case was not permitted to merely reduce appellant's requested attorney fees based on a fee schedule or fee cap. Rather, it was required to consider whether the hours billed by appellant were reasonable. Because the trial court did not award the full amount of attorney fees requested, or in the alternative make findings concerning the reasonableness of the fees in relation to the actual services rendered, it abused its discretion. See *Foster*, 329 Mich App at 376. Accordingly, remand is necessary for the trial court to "either award the requested fees, or articulate on the record its basis for concluding that such fees are not reasonable." *Ujlaky*, 498 Mich at 890. See also *Foster*, 329 Mich App at 376.

Vacated and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Christopher M. Murray
/s/ Thomas C. Cameron