*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Attorney Fees of ROMAN J. TYSZKIEWICZ

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHRIS ALBERT VANDENBOSCH,

        Defendant

and

ROMAN J. TYSZKIEWICZ,

        Appellant.

UNPUBLISHED
September 19, 2025
9:05 AM

No. 373995
Ottawa Circuit Court
LC No. 2023-045773-FH

---

Before: SWARTZLE, P.J., and GARRETT and YATES, JJ.

PER CURIAM.

Appellant, Roman J. Tyszkiewicz, was appointed appellate counsel in defendant Chris Vandenbosch's underlying criminal case. The trial court denied, in part, Tyszkiewicz's request for attorney fees related to defendant's appeal. We affirm.

Defendant was charged with two counts of second-degree criminal sexual conduct. In January 2024, defendant pleaded guilty to assault with intent to commit sexual penetration. MCL 750.520g(1). Defendant's trial counsel moved the trial court to reconsider defendant's upward-departing sentence. Tyszkiewicz was subsequently appointed to represent defendant in his appeal. The trial court denied the motion to reconsider defendant's sentence without holding oral argument.

In August 2024, Tyszkiewicz moved the trial court to correct defendant's sentence. After the trial court indicated that it would not hold a hearing on the motion, Tyszkiewicz moved the trial court to require the prosecutor to respond to the motion. The trial court ordered the prosecutor

-1-

to respond, and the prosecutor filed a response. The trial court denied defendant's motion to correct invalid sentence.

For his work on defendant's behalf, Tyszkiewicz submitted to the trial court three reimbursement vouchers, requesting payment for a total of 15.2 hours of work, in addition to fees and expenses. The trial court approved the vouchers and ordered payment.

Subsequently, Tyszkiewicz submitted a fourth request for payment, voucher 92108, requesting payment for 27.5 hours of work done between July and September 2024. In explanation of his request for fees exceeding the presumptive maximum of 15 hours for a plea-based appeal, Tyszkiewicz explained, "I was required to file two trial court motions and also review extensive discovery material totaling over 530 pages. The circuit court has not ruled on the trial court motions."

The trial court determined that Tyszkiewicz had not demonstrated that his request for "nearly triple the presumptive maximum" of 15 hours was reasonable. The trial court stated that Tyszkiewicz spent more than 15 hours reviewing the case file, investigating, and corresponding with his client, but even the 530-page file should not have taken him so long to review. There had been no oral argument or appeal to a higher court, and no showing that the "case required any more time, attention, or effort than any other case." Therefore, the trial court concluded that the reasonable total amount of time to be reimbursed was 15.8 hours. The expenses that Tyszkiewicz identified, however, including for printing and postage, were reasonable.

Tyszkiewicz moved the trial court to reconsider its opinion, and the trial court denied the motion. Tyszkiewicz subsequently filed a claim of appeal in this Court. Tyszkiewicz also submitted a fifth payment voucher in the trial court for reimbursement for hours spent after the hours accounted for voucher 92108. The trial court issued an order staying "payment of any further legal fees or expense reimbursement to Mr. Tyszkiewicz arising out of his representation of Mr. Vandenbosch in this case pending resolution of Mr. Tyszkiewicz's appeal of the decision on fees." Tyszkiewicz moved the trial court to reconsider its issuance of the stay. The trial court lifted the stay and approved payment of a significant portion of Tyszkiewicz's fifth voucher.

Tyszkiewicz now appeals the trial court's decision regarding voucher 92108.

We review for an abuse of discretion a trial court's determination regarding the reasonableness of compensation for a court-appointed attorney. *In re Foster Attorney Fees*, 317 Mich App 372, 375; 894 NW2d 718 (2016). A court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008).

"The Due Process and Equal Protection Clauses require the appointment of counsel for defendants, convicted on their pleas, who seek access to first-tier review in the Michigan Court of Appeals." *In re Foster Attorney Fees*, 317 Mich App at 375 (cleaned up). For compensation to be reasonable, "the compensation *actually* paid must be reasonably related to the representational services that the individual attorneys *actually* perform." *Recorder's Court Bar Ass'n v Wayne Circuit Court*, 443 Mich 110, 131; 503 NW2d 885 (1993).

In support of his appeal, Tyszkiewicz relies on *In re Ujlaky*, 498 Mich 890, 890; 869 NW2d 624 (2015), in which our Supreme Court remanded a case for the trial court either to award the requested fees or articulate the basis for concluding that the requested fees were not reasonable. The Court stated that the trial court "did not address at all the reasonableness of the fee in relation to the actual services rendered." *Id*.

In contrast with *In re Ujlaky*, the trial court here reviewed voucher 92108 and explicitly considered the reasonableness of the fees in relation to the rendered services. See *In re Attorney Fees of Jamnik*, 176 Mich App 827, 831; 440 NW2d 112 (1989), aff'd sub nom *People v Hunter*, 434 Mich 883 (1990). Although the trial court referred to the "presumptive maximum," the trial court's opinion demonstrates that the court considered the services rendered in light of the circumstances of the case, rather than reflexively capping payment at 15 hours.

Tyszkiewicz additionally argues that the trial court abused its discretion by determining that the legal services were unreasonable when it had already approved the previous vouchers. It was not improper, however, for the trial court to consider whether the total requested reimbursement was reasonable on the basis of the circumstances of this case. Further, the trial court reviewed the requests and services identified on each voucher and approved several payments to Tyszkiewicz related to his efforts on behalf of Vandenbosch. Tyszkiewicz indicated on appeal that he had never before had a trial court deny him payment, which, instead of demonstrating that the trial court abused its discretion here, suggests that the trial court considered the particular services Tyszkiewicz rendered. Accordingly, the trial court did not abuse its discretion. Although a different trial court judge, or a judge of this Court, may have come to a different conclusion, the record in this case does not demonstrate that the trial court's determination fell outside the range of reasonable outcomes.

Tyszkiewicz has also requested that this Court lift the trial court stay of proceedings and order payment of subsequently submitted vouchers. Tyszkiewicz did not include this specific challenge in his statement of questions presented, and, accordingly, the issue is not properly before this Court. See *In re Rippy*, 330 Mich App 350, 362 n 5; 948 NW2d 131 (2019). Regardless, the trial court has already lifted the stay and issued to Tyszkiewicz additional payment on a subsequent voucher. Accordingly, the issue is moot. See *Adams v Parole Bd*, 340 Mich App 251, 259; 985 NW2d 881 (2022).

Affirmed.

/s/ Brock A. Swartzle
/s/ Kristina Robinson Garrett
/s/ Christopher P. Yates