*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ATTORNEY FEES of ANDREW CHRISTOPHER SULLIVAN.

---

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v

HUNTER JAMES DORRIS,

    Defendant,

and

ANDREW CHRISTOPHER SULLIVAN,

    Appellant.

UNPUBLISHED
June 12, 2026
11:13 AM

Nos. 374424 and 375030
Isabella Circuit Court
LC No. 2023-000720-FH

---

Before: YOUNG, P.J., and BORRELLO and TREBILCOCK, JJ.

PER CURIAM.

In these consolidated appeals, appellant, as appointed appellate counsel for defendant, appeals as of right two orders partially denying his request for attorney fees. For the reasons set forth in this opinion, we remand to the trial court to provide a more thorough analysis regarding the reasonableness of appellant's claimed fees.

## I. BACKGROUND

Defendant was charged with first-degree home invasion, MCL 750.110a(2) for an alleged invasion of a dwelling in October 2022. Defendant subsequently agreed to plead guilty to the lesser offense of second-degree home invasion, MCL 750.110a(3), as a fourth-offense habitual

offender, MCL 769.12, with a stipulated six-year minimum sentence, and he pleaded guilty before Isabella Circuit Judge Mark H. Duthie.[1]

At the sentencing hearing, the trial court stated that the sentencing guidelines recommendation for defendant's minimum sentence was 43 to 172 months.[2] Defendant's trial counsel responded as follows: "I do want to make it known to the court, when [the prosecuting attorney] and I worked on the case, that was not our guideline range. . . . [O]ur . . . guidelines were much higher." The trial court clarified, "So, are you just kind of indicating on the record you're not objecting to the guidelines, but you thought they were higher?" to which defense counsel answered in the affirmative. The trial court sentenced defendant to serve 6 to 20 years' imprisonment.

Defendant requested appointment of an appellate attorney, and appellant was appointed to this role. Appellant, on behalf of defendant, moved to withdraw the latter's guilty plea, arguing that defendant's trial counsel provided ineffective assistance of counsel and that, as a result, defendant's plea was not knowingly, understandingly, or voluntarily offered. More specifically, appellant argued defendant's trial counsel provided ineffective assistance because she failed to thoroughly review defendant's sentencing guidelines with him and provided inaccurate and incomplete information to defendant regarding the scoring of the guidelines.

At the hearing on the motion, the trial court commented on appellant's performance as follows:

> [Y]our lawyer has done a fine job for you. Normally when I get a motion to withdraw a plea on a case where somebody has been sentenced, I get like two or three pages. I received a whole packet, he included the transcript of the prelim, because he had that point about the injury. He included the plea. He did a very fine job for you and he brought everything to the court's attention.

The trial court concluded that, because there was no defect in the plea proceeding, the issue presented was of an appellate nature, and the court therefore denied the motion. Appellant also requested an evidentiary hearing to make a record of what defendant and trial counsel discussed regarding the guidelines recommendation before the sentencing hearing, which the trial court denied, stating as follows: "[Y]our lawyer has done a fine job for you . . . and he may be able to convince the Court of Appeals that it . . . should come back for an evidentiary hearing, but I'm not going that route today."

This Court denied the application for leave to appeal in the underlying criminal case, filed on defendant's behalf by defendant. *People v Dorris*, unpublished order of the Court of Appeals,

---

[1] Judge Duthie retired soon after the hearing on defendant's motion to withdraw his guilty plea. The orders appealed, concerning appellant's fee requests, were issued by Chief Judge Eric Janes.

[2] Although a court must score and consider the sentencing guidelines, the guidelines are advisory only. See *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015).

entered December 26, 2024 (Docket No. 373109). Defendant's application for leave to appeal was also denied by our Supreme Court. *People v Dorris*, ___ Mich ___; 20 NW3d 578 (2025).

Appellant submitted a Michigan Appellate Assigned Counsel System (MAACS) statement to the trial court, for his services in the motion to the withdraw the guilty plea. Appellant's claimed fees, at an MAACS rate of $142 per hour, for 26.9 hours of service, totaled $3,819.80. Appellant included the following explanation:

> This is my first motion to withdraw plea. I expect I will be quicker in future plea appeals when I am more accustomed to the procedure and caselaw.
>
> At the hearing on my motion, the judge was very complimentary of my thorough research and acknowledged the merit of issues I raised. I therefore expect little resistance to any motion for fees in excess of 15 hours.

Isabella Circuit Chief Judge Eric Janes approved appellant's requested travel hours, mileage, and expenses, but only $2,840 for the legal service, which covered 20 hours of service. Judge Janes entered an order of clarification stating as follows:

> The requested amount sought attorney fees for 26.9 legal service hours, which is 11.9 hours over the presumptive maximum of 15 hours. It does not appear that any novel or complex issues were involved in this matter.
>
> [Appellant's] statement included 11 hours spent on preparing a nine-page motion to withdraw plea. This court finds that 11 hours is not a reasonable expenditure of time for the preparation of such a motion. A more reasonable amount of time would be approximately four hours maximum.
>
> Additionally, [appellant's] statement included 6.2 hours for five client visits, four of which were held virtually. This court finds that this is not a reasonable amount of time for client visits considering the issues involved in this case. A more reasonable amount of time would be approximately three hours maximum.
>
> Instead of reducing the requested payment for the previously cited 17.2 hours that were billed (11 hours for motion preparation and 6.2 hours for client visits) to the seven hours determined most reasonable by this court (four hours for motion preparation and three hours for client visits), this court decided to give counsel some leeway and reduced the requested amount by only 6.9 hours . . . .

Appellant submitted a second MAACS statement to the trial court, this one for services performed for the application for leave to appeal the denial of the motion to the withdraw the plea. In this statement, appellant claimed fees for 19.5 hours of legal services, at a MAACS hourly rate of $149, totaling $2,905.50. Appellant provided the following explanation:

This is my first motion to withdraw plea. I requested review by MAACS support and incorporated feedback in revisions.

* * *

In denying my motion, the trial court explained "You have an issue for the appellate courts to look at and they'll look at it . . . "—and although we disagree on the correct procedure, the court seemingly agrees there is a meritorious issue. I therefore dedicated myself to presenting a clear articulation for the Court of Appeals.

The trial court approved the expenses requested but only $1,326.10 for the legal services, explaining as follows:

[Appellant] has already been paid well over the presumptive maximum of 15 legal service hours for plea appeals.

[Appellant] seeks payment of an additional $2,930.70 for 19.5 legal service hours. The majority of the legal service hours were spent on drafting the application for leave to appeal. [Appellant] reports a total of 15.6 hours spent on the leave application. This amount of time appears to be unreasonable and excessive, particularly considering that there do not appear to be any novel or complex issues involved in this matter. A more reasonable amount of time would be approximately 3 to 5 hours. This court shall reduce the requested payment for legal service hours by 10.6 hours, approving payment for 8.9 legal service hours . . . .

These consolidated appeals followed.

## II. STANDARD OF REVIEW

"A trial court's determination regarding the reasonableness of compensation for services and expenses of court-appointed attorneys is reviewed for an abuse of discretion." *In re Foster Attorney Fees*, 317 Mich App 372, 375; 894 NW2d 718 (2016). A trial court abuses its discretion when its "decision falls outside the range of reasonable and principled outcomes." *People v Johnson*, 502 Mich 541, 564; 918 NW2d 676 (2018) (quotation marks and citation omitted). See also *Hecht v Nat'l Heritage Academies, Inc*, 499 Mich 586, 604; 886 NW2d 135 (2016). "A trial court necessarily abuses its discretion when it makes an error of law." *People v Franklin*, 500 Mich 92, 100; 894 NW2d 561 (2017) (quotation marks and citation omitted). We review de novo whether the trial court properly interpreted pertinent statutes. *Makowski v Governor*, 317 Mich App 434, 441; 894 NW2d 753 (2016).

## III. ANALYSIS

On appeal, appellant argues that the trial court abused its discretion by reducing appellant's fees.

-4-

" '[T]he Due Process and Equal Protection Clauses require the appointment of counsel for defendants, convicted on their pleas, who seek access to first-tier review in the Michigan Court of Appeals.' " *In re Foster Attorney Fees*, 317 Mich App at 375, quoting *Halbert v Michigan*, 545 US 605, 610; 125 S Ct 2582; 162 L Ed 2d 552 (2005) (alteration in original). Our Supreme Court has held that MCL 775.16 "provides a statutory right to reasonable compensation for those attorneys appointed to represent indigent defendants." *In re Foster Attorney Fees*, 317 Mich App at 376, citing *In re Recorder's Court Bar Ass'n*, 443 Mich 110, 122-123; 503 NW2d 885 (1993). MCL 775.16 states as follows:

> When a person charged with having committed a crime appears before a magistrate without counsel, the person shall be advised of his or her right to have counsel appointed. If the person states that he or she is unable to procure counsel, the magistrate shall appoint counsel, if the person is eligible for appointed counsel under the Michigan indigent defense commission act.

This Court has previously observed that the 2013 amendment to MCL 775.16 removed the former language in the statute that explicitly entitled an attorney appointed to represent an indigent defendant to reasonable compensation, but our Supreme Court continues to enforce the entitlement to reasonable compensation for appointed attorneys of indigent criminal defendants. See *In re Foster Attorney Fees*, 317 Mich App at 376 n 1; *In re Foster*, 329 Mich App at 374-375; see also *In re Ujlaky*, 498 Mich 890; 869 NW2d 624 (2015) (citing *In re Recorder's Court Bar Ass'n*, 443 Mich at 131, and concluding that the trial court erred by applying a compensation cap and not addressing the reasonableness of the requested attorney fees).[3]

The trial court must conduct an " 'individualized determination of reasonable compensation.' " *In re Foster Attorney Fees*, 317 Mich App at 376, quoting *In re Recorder's Court Bar Ass'n*, 443 Mich at 129-130; see also *In re Foster Attorney Fees*, 317 Mich App at 379. This determination is not subject to a specific definition or formula, but there must be a reasonable relationship between the compensation actually paid and the representational services actually performed by the attorney. *In re Recorder's Court Bar Ass'n*, 443 Mich at 129, 131. "Although the expenditure of any amount of time beyond that contemplated by the schedule for the typical case does not, *ipso facto*, warrant extra fees, spending a significant but reasonable number of hours beyond the norm may." *In re Ujlaky*, 498 Mich at 890. Moreover, this Court has stated:

> We believe the following factors should be considered in determining reasonable compensation:

---

[3] We further note that the Legislature has again expressed a general intent to entitle appointed counsel to reasonable fees and expenses. MCL 780.718a. However, this statute took effect on October 1, 2024. 2023 PA 299. Appellant performed many of the legal services for which he sought compensation before that date. Nonetheless, there does not appear to be any dispute that appellant is entitled to reasonable compensation. Appellant's dispute merely involves the amount that should be considered reasonable. We therefore need not delve further into this particular nuance.

1. The complexity and difficulty of the case and the time and expense of counsel which can reasonably be justified.

2. The trial court's policy as to compensation.

3. The minimum standards for indigent criminal appellate defense services promulgated by the Michigan Supreme Court . . . . [*In re Jamnik*, 176 Mich App 827, 831; 440 NW2d 112 (1989), aff'd sub nom *People v Hunter*, 434 Mich 883; 452 NW2d 209 (1990).]

Here, the trial court purported to conduct an individualized assessment of the reasonableness of the attorney's claimed fees, ultimately concluding that appellant expended an unreasonably excessive amount of time on discrete legal tasks. The court further articulated its view as to what would constitute a reasonable allocation of attorney time for those tasks. In reaching these conclusions, the trial court expressly determined that the underlying matter did not present any complex or novel factual or legal issues. While our review could certainly lead us to the same conclusion reached by the trial court, this assessment while relevant, does not obviate the need for a transparent and evidence-based methodology.

Notably, appellant conceded in his fee submissions that he devoted more time to the representation than might ordinarily have been required, attributing this to his lack of experience in the specific subject matter at hand. Critically, however, the trial court failed to articulate the factual or legal basis underpinning its determinations as to what would constitute reasonable time expenditures for the tasks in question. The record contains no evidence or supporting rationale for the court's asserted time allocations, thereby depriving this Court of a sufficient basis for meaningful appellate review. For example, the trial court could have referenced empirical data, such as billing records from analogous cases before it, expert testimony on prevailing norms, or relevant jurisprudential standards governing fee-shifting or the lodestar method. See, generally, *Pirgu v United Services Auto Ass'n*, 499 Mich 269, 281-282; 884 NW2d 257 (2016); *Michigan Dept of Transp v Randolph*, 461 Mich 757; 610 NW2d 893 (2000).

Accordingly, we remand this matter to the trial court with instructions to undertake a comprehensive and articulated analysis of the reasonableness of appellant's claimed fees. On remand, the trial court is directed to provide a clear explanation of the evidentiary and legal foundations for any findings as to reasonable attorney time. Should the trial court deem it appropriate, it may conduct an evidentiary hearing to further develop the factual record regarding prevailing practices and reasonable fee benchmarks.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Adrienne N. Young
/s/ Stephen L. Borrello
/s/ Christopher M. Trebilcock